**STATE of Delaware, Plaintiff below, Appellant,**

**v.**

**Ira ANDERSON, Defendant below, Appellee.**

Supreme Court of Delaware.

Submitted Oct. 20, 1975.

Decided Oct. 20, 1975.

Norman Barron, Deputy Atty. Gen., Wilmington, for plaintiff below, appellant.

Stephen B. Potter, Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

The defendant was arrested on February 10, 1975 on the charge of shoplifting, 11 Del.C. § 840. No indictment was returned until April 10, 1975. Service of summons was delayed until May 20, 1975. The Superior Court granted the defendant's motion to dismiss the indictment for unnecessary delay under Superior Court Criminal Rule 48(b).[1] The State appealed under 10 Del.C. § 9902(a).[2] The defendant moved to dismiss the appeal, under Rules 7(8)(a) and (f) of this Court,[3] for failure to prepare the transcript of testimony in time.

In this case, the State has been delinquent in this Court just as it was found to be in the Superior Court. The concept and goals of prompt justice are the obligations of counsel on both sides of a criminal case. See *State v. Glaindez*, Del. Supr., 346 A.2d 156 (1975).

The appeal is dismissed.

1. Rule 48(b) provides:
"*RULE* 48. *NOLLE PROSEQUI AND DISMISSAL*
"(b) *Dismissal by Court.* If no indictment is returned or information filed against a person held to answer in the Superior Court at or before the second term following the day upon which such person was held to answer, he shall be released without any further obligation to furnish bail and any surety theretofore given shall be discharged. If there is unnecessary delay in bringing the defendant to trial, the Court may dismiss the information or indictment."

2. 10 Del.C. § 9902(a) provides:
"§ 9902. *Appeal as of right.*
"(a) The State shall have an absolute right to appeal to an appellate court a final order of a lower court where the order constitutes a dismissal of an indictment or information or any count thereof, or the granting of any motion vacating any verdict or judgment of conviction where the order of the lower court is based upon the invalidity or construction of the statute upon which the indictment or information is founded or the lack of jurisdiction of the lower court over the person or subject matter."

3. Rule 7(8)(a) and (f) provide:
"*RULE* 7. *RECORDS*
"(8) *Transcript:* The following directions apply to each case on appeal, unless otherwise ordered by the Court:

"(a) After an appeal has been docketed (as provided in Rule 5), the attorney for the appellant shall:

"1. Forthwith give written direction (per form attached) to the appropriate Court Reporter (or to such other person designated by the Court below for the purpose) to prepare a transcript for appeal purposes of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.

"2. Within 5 days (after docketing) serve upon all opposing attorneys and file with the Clerk of this Court and with the Clerk of the Court below a written statement showing compliance with subparagraph 1. hereof; such statement shall include the caption of the case, the name of the Court Reporter directed to prepare the transcript, the parts of the proceedings ordered transcribed, the date on which such direction was given, and the attorney's certification that the transcript ordered is essential to the appeal.
 *     *     *     *     *

"(f) If a party shall fail to comply with the provisions of this rule any other party may move to dismiss the appeal or the Court may dismiss the appeal *sua sponte*."