**BEEBE HOSPITAL OF SUSSEX COUN-TY, INC., Defendant below, Appellant,**

v.

**Howard WILSON and Maretta L. Wilson, Plaintiffs below, Appellees,**

and

**O. J. Pollak, M.D. and Anis Saliba, M.D., Defendants below, Appellees.**

Supreme Court of Delaware.

Submitted Dec. 10, 1975.

Decided Jan. 9, 1976.

Jane R. Roth, of Richards, Layton & Finger, Wilmington, for defendant-appellant Beebe Hospital of Sussex County, Inc.

Robert Jacobs, of Bader, Dorsey & Kreshtool, Wilmington, for plaintiffs-appellees.

Willaim Prickett, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant-appellee O. J. Pollak, M.D.

Before DUFFY, Justice, QUILLEN, Chancellor, and BROWN, Vice Chancellor.

DUFFY, Justice.

In this medical malpractice action the Superior Court entered judgment for plaintiffs on a jury verdict in the amount of $150,000. Eighty-five percent of the verdict was assessed against defendant Beebe Hospital of Sussex County, Inc.; the remaining 15% was assessed against both the Hospital and defendant Dr. O. J. Pollak. Beebe Hospital filed this appeal which Dr. Pollak has moved to dismiss on the ground that the Hospital did not comply with Supreme Court Rule 7(8), which provides in part:

"After an appeal has been docketed . . . the attorney for the appellant shall:

1. Forthwith give written direction (per form attached) to the appropriate Court Reporter (or to such other person designated by the Court below for the purpose) to prepare a transcript for appeal purposes of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.

2. Within 5 days (after docketing) serve upon all opposing attorneys and file with the Clerk of this Court and with the Clerk of the Court below a written statement showing compliance with subparagraph 1. hereof; such statement shall include the caption of the case, the name of the Court Reporter directed to prepare the transcript, the parts of the proceedings ordered transcribed, the date on which such direction was given, and the attorney's certification that the transcript ordered is essential to the appeal."

Unless otherwise ordered by the Court, the Rule is mandatory and requires that after an appeal has been docketed, the attorney for the appellant "forthwith" give appropriate directions for preparation of

the transcript necessary for the appeal and, "[w]ithin 5 days" after docketing, serve and file a written statement showing compliance therewith.

The experience in this Court has shown beyond doubt that delay in the preparation of transcripts is a serious and significant reason for delays in the prosecution of appeals. Rule 7(8) is addressed to that precise problem. Specific time periods are established not only for action by counsel but also by the Court Reporter involved: that Officer is required to (a) give priority to transcripts in criminal appeals, (b) prepare transcripts in the chronological sequence in which orders are received, and (c) file a transcript within 40 days of the date it is ordered. But the keystone in the entire plan is the direction by counsel. Obviously, until direction is given as to what parts of a transcript are to be prepared for appeal purposes, a Court Reporter cannot begin to meet his responsibility under the Rule. This means that counsel must give prompt and clear directions to the appropriate Reporter: And that obligation rests upon counsel—not upon his staff.

Failure to comply with the mandate of Rule 7(8) may result in dismissal of an appeal, as subparagraph (f) thereof states:

"If a party shall fail to comply with the provisions of this rule any other party may move to dismiss the appeal or the Court may dismiss the appeal *sua sponte.*"

This Court has recently had occasion to apply that provision by dismissing a criminal appeal in which the State failed to meet the specified time requirements. *State v. Anderson*, Del.Supr., 349 A.2d 748 (1975). As that case shows, the Court can and will dismiss an appeal for non-compliance with the transcript requirement. And such a dismissal, based on an attorney's negligence in failing to comply with a Supreme Court Rule, may have serious personal implications.

Turning to the appeal now before the Court, it appears that Beebe Hospital's attorney simply failed to comply with the Rule; directions were not given forthwith, the appropriate notice was not served and when directions were finally given to the Court Reporters, they were not complete. Against that background, Dr. Pollak's attorney (understandably) has moved to dismiss the appeal and argues, with merit, that his client is entitled to have the Rule enforced and the appeal ended.

We have concluded, however, that the motion should be denied, in this case. The Rule is relatively new and, under its terms, there is no absolute right to a dismissal for non-compliance; the decision to dismiss or not is a discretionary judgment made by the Court under the circumstances shown in the record. *Anderson*, which is the first published opinion under the Rule, postdated the events giving rise to the present motion and, in that case, the State failed to meet the time requirements in this Court after being equally delinquent in the Trial Court. In addition, we have no doubt that the errors of counsel for this appellant were based on ignorance and not on a wilful disregard of the Rule. In view of these factors and of the limited time lost, the ineptness of counsel should not here be charged against the party. But lawyers practicing before this Court, in criminal as well as civil cases, by this opinion, should take notice of the discretionary power of the Court under the Rule.

Exercising our discretion, we conclude that the motion to dismiss should be denied. It is so ordered.