**STATE of Delaware, Plaintiff Below, Appellant,**

v.

**BUDD METAL COMPANY, INC., Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: May 14, 1982.

Decided: June 29, 1982.

Ferris W. Wharton (argued), Deputy Atty. Gen., Wilmington, for plaintiff below, appellant.

David C. McBride (argued), of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., QUILLEN and HORSEY, JJ.

PER CURIAM:

The State appeals from the Superior Court's dismissal of an indictment, under 11 *Del.C.* §§ 281 and 631,* against the corporate defendant, Budd Metal Co. Inc. (hereinafter "Budd"), for unnecessary delay in bringing Budd to trial.

Budd was indicted on November 25, 1980, for the offense of criminally negligent homicide, committed on April 3, 1980, allegedly caused by faulty brakes on a Budd truck. Budd filed a motion to dismiss the indictment for failure to state an offense. A meeting was held with the Trial Court on January 27, 1981, at which time counsel stipulated that the trial scheduled for February 3, 1981, be continued "to a date set by the Court after an office conference with the parties." At that meeting, the Court found the motion to dismiss for failure to state an offense to be substantial and suggested briefing. The State indicated a possible preference for reindictment; while the state re-evaluated its position, discovery was to proceed.

Budd heard nothing further from the Attorney General's office until June 15, 1981, when counsel for Budd received oral notification that the State would proceed on the original indictment. No further action was taken by the State, because of resignations within the Attorney General's office, until September 11, 1981, when the Trial Court received notification of the State's plan to proceed on the original indictment.

The Trial Court found, contrary to the State's contention, that the delay in prose-

* 11 *Del.C.* § 281 provides:

"§ 281. Criminal liability of corporations.

"A corporation is guilty of an offense when:

"(1) The conduct constituting the offense consists of an omission to discharge a specific duty of affirmative performance imposed on corporations by law; or

"(2) The conduct constituting the offense is engaged in, authorized, solicited, requested, commanded or recklessly tolerated by the board of directors or by a high managerial agent acting within the scope of his employment and in behalf of the corporation; or

"(3) The conduct constituting the offense is engaged in by an agent of the corporation

while acting within the scope of his employment and in behalf of the corporation and:

"a. The offense is a misdemeanor or a violation; or

"b. The offense is one defined by a statute which clearly indicates a legislative intent to impose such criminal liability on a corporation."

11 *Del.C.* § 631 provides in relevant part:

"§ 631. Criminally negligent homicide; class E felony.

"A person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person...."

cution was not caused by Budd's motion to dismiss for failure to state an offense, nor because of any agreement to postpone the trial indefinitely. In dismissing the case, the Trial Court stated:

"The written stipulation between counsel, which was approved by the court, was nothing more than a mutual agreement to a continuance of the first trial date so that the pending motion to dismiss could be resolved and discovery completed. In other words, the postponement was indefinite only in the sense that a new date would not be set until pending pretrial issues were resolved, not in the sense that the State was free to unnecessarily delay the case for an indefinite period of time. The court cannot find that there was an agreement to an indefinite postponement in the latter sense where the agreement is not plainly stated in writing and one of the parties denies any such agreement. . . .

"Although a defendant may not complain about the delay necessary to decide a motion to dismiss, here the court did not establish a brief schedule and the motion was not briefed and argued because the State elected to move the case along by seeking an amended reindictment. Nothing was accomplished toward the prosecution of this charge for 7½ months. There was neither briefing on the motion to dismiss nor reindictment to resolve the issue raised by the motion. Nor has discovery gone forward. Among other things, the defense sought to inspect the brakes of the vehicle, which are in the possession of the State, for examination by an expert. Apparently the State was having difficulty deciding whether to go forward with the prosecution. I find that this delay was unnecessary, and that the defense did not cause it or agree to it. Under the circumstances, I conclude that dismissal under Criminal Rule 48(b) for unnecessary delay in

presenting an amended charge to the Grand Jury or bringing the defendant to trial is justified."

\* \* \* \* \* \*

 The Trial Court may, at its discretion, dismiss an indictment for unnecessary delay in bringing a defendant to trial. *State v. Fischer*, Del.Supr., 285 A.2d 417 (1971); Super.Ct.Crim. Rule 48(b).** In this case, we find no abuse of discretion. Compare *State v. Glaindez*, Del.Supr., 346 A.2d 156 (1975).

 The State argues that the Trial Court abused its discretion by failing to find prejudice to Budd. While prejudice is a factor for consideration, the U. S. Supreme Court has held that a showing of prejudice is not essential in the balancing process of weighing the constitutional right to speedy trial:

" 'We regard none of the four factors identified above [length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant] as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution.' [*Barker v. Wingo*, 407 U.S. 514, 533, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101 (1972).]" *Moore v. Arizona*, 414 U.S. 25, 26, 94 S.Ct. 188, 189, 38 L.Ed.2d 183 (1973).

Nor is prejudice in the traditional sense required for the Superior Court to exercise the broader discretion under Rule 48(b). *State v. Fischer*, Del.Super., 269 A.2d 244,

** Rule 48(b) provides:
"RULE 48. NOLLE PROSEQUI AND DISMISSAL
"(b) Dismissal by Court. If there is unnecessary delay in presenting a charge to a grand jury or in filing an information or in bringing a defendant to trial, the Court may dismiss the indictment, information or complaint."

246 (1970); aff'd Del.Supr., 285 A.2d 417, 418 (1971).

\* \* \*

Affirmed.