**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

JAMES T. VAUGHN, JR.
*PRESIDENT JUDGE*

KENT COUNTY COURT HOUSE
38 THE GREEN
DOVER, DELAWARE 19901

June 19, 2014

Dennis Kelleher, Esq.
Department of Justice
102 West Water Street
Dover, Delaware 19901

Joseph A. Hurley, Esq.
1215 King Street
Wilmington, Delaware 19801

> ***Re:  State v. Robert P. Bryer***
> ***ID. No.   1008011916***

Counsel:

The defendant has filed a motion to dismiss this case on the grounds that his speedy trial and due process rights have been violated.  He also moves to dismiss for unnecessary delay in the prosecution under Rule 48(b).  I grant the motion under Rule 48(b).

On August 14, 2010, the defendant, Robert P. Bryer, Jr., was involved in an incident with a Milford police officer.  Bryer was arrested and charged with assault in the second degree, two counts of reckless endangering in the first degree, offensive touching, resisting arrest, endangering the welfare of a child, and disorderly conduct. He was indicted on these charges on October 4, 2010.

On May 16, 2011, the State *nolle prossed* all of the charges against Bryer.  By letter dated May 16, 2011 to defense counsel, the Deputy Attorney General assigned to the case stated "[t]his letter will confirm our agreement that in exchange for the State dismissing the charges pending against your client. . .your client agrees not to pursue any civil remedies against The City of Milford or any officers involved in the incident."  It appears that there is no underlying written agreement.  It appears that the letter is the only evidence of an agreement.

On May 6, 2013, Bryer was reindicted on the same original charges that were

*State v. Robert P. Bryer*
ID. No.  1008011916
June 19, 2014

*nolle prossed* in 2011.  Bryer acknowledges that the letter was sent by the State to his defense attorney, but argues that no enforceable agreement was reached.

The State responds that it believed at the time that the defense had agreed not to pursue civil remedies in exchange for the termination of the 2011 prosecution.  The State contends that Bryer subsequently filed an action in federal court, thus violating the agreement.[1]  The State does not address whether the alleged agreement was enforceable or valid and contends that it was Bryer's responsibility to correct the State's belief that an agreement had been reached.  The State argues that both parties are responsible for the delay and thus the case should not be dismissed.

## STANDARD OF REVIEW

Superior Court Criminal Rule 48(b) allows the Court to exercise its discretion to dismiss an indictment or information for "unnecessary delay."[2]  While speedy trial rights are implemented by Rule 48(b), prejudice in the traditional sense is not required and the Court's discretion is "broader than normally associated with a Sixth Amendment analysis."[3]  There are two criteria required for a dismissal under Rule 48(b): the unnecessary delay must be attributable to "the deliberate choice of the prosecuting authorities for no valid reason," and that the delay was prejudicial.[4]

## DISCUSSION

Although the letter written to defense counsel at the conclusion of the first prosecution refers to an agreement not to file a civil case, it is a letter between counsel which refers to "our" agreement.  The record is ambiguous as to whether the

---

[1]  The suit was filed by different counsel for Bryer, not his defense counsel on the criminal charges.

[2]  *State v. Budd Metal Co., Inc.*, 447 A.2d 1186, 1188 (Del. 1982).

[3]  *Id*.

[4]  *State v. McElroy*, 561 A.2d 154, 156 (Del. 1989).

2

*State v. Robert P. Bryer*
ID. No.  1008011916
June 19, 2014

defendant himself knowingly entered into such an agreement.  For this reason, I am not willing to conclude that the defendant himself agreed not to file a civil action. Therefore, I need not consider the enforceability or lack of enforceability of an agreement to waive rights to file a civil action in exchange for a dismissal of criminal charges.

Since I do not find that there was an enforceable agreement between the State and the defendant, I find that the delay between the two prosecutions was attributable to the State.  I also find that the delay was unnecessary.  I also find that the delay has caused prejudice to the defendant.  In his civil suit, he has, at a minimum, filed a complaint which sets forth his version of what occurred.  The complaint, plus any other information disclosed in the civil case, would be available to the State in preparing its case in chief, to the prejudice of the defendant.

Therefore, the motion to dismiss under Rule 48(b) is ***granted***.

**IT IS SO ORDERED.**

/s/ James T. Vaughn, Jr.

JTVJr:dfm
oc:    Prothonotary
cc:    Counsel
        File

3