The STATE of Delaware, Plaintiff Below, Appellant,

v.

Ralph DENNIS, Defendant Below, Appellee.

Supreme Court of Delaware.

June 5, 1973.

Myron T. Steele, Deputy Atty. Gen., Dover, for plaintiff below, appellant.

Nicholas H. Rodriguez, Schmittinger & Rodriguez, Dover, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The appellee herein, Ralph Dennis, was found guilty of violating 21 Del.C. § 2746 by driving an automobile upon a public highway at a time when his driving privilege was revoked. The revocation was the result of a prior conviction of driving while under the influence of alcoholic liquor. He was found guilty of the § 2746 violation in a Justice of the Peace Court, from which he appealed to the Superior Court. In the latter Court, leave to amend the information was denied by the trial Judge, who then dismissed the original information. The State has appealed from that ruling.

The first information filed in the Superior Court charged that the appellee unlawfully drove a motor vehicle upon a public highway " . . . while his chauffeur's license had been revoked by the Motor Vehicle Department of the State . . ." At the trial, during the testimony of the first State's witness, it appeared that the appellee's license was a Pennsylvania license, whereupon the State moved to file an amended information charging that the appellee drove a motor vehicle upon a public highway of the state ". . . while his driving privileges . . . had been revoked by the Motor Vehicle Department." The Court refused to permit this amendment on the theory that the amended information charged a different offense than that charged in the original information. The prosecuting attorney declined to dismiss the case, whereupon the Court entered an order of dismissal for the failure of the State to present evidence to

prove revocation of the chauffeur's license.

Neb. 869, 146 N.W.2d 373 (1966); State v. Coffield, Del.Super., 3 Storey 406, 171 A. 2d 62 (1961).

### I

We are convinced that error was committed in denying the application to amend. The Act under which the charge was made (21 Del.C. § 2746) provides that "any person whose driver's license or driving privileges has been suspended or revoked . . and who drives any motor vehicle upon the highways of this State during the period of suspension or revocation . . ." is guilty of an offense. The original information indicated that the appellee drove during a period when his chauffeur's license had been revoked by the Motor Vehicle Department. This of course was incorrect; in fact, his driving privileges in this state had been revoked. The appellee contends that the two informations charged different offenses, even though both of such offenses would fall within the prohibition of § 2746.

█ We disagree with appellee's contention. The object of this statute is to prohibit the operation of a car on our highways by one who has no driving privileges, as was the case here. Whether the appellee's chauffeur's license or merely his driving privileges had been revoked is of little moment; the important consideration is whether he had or did not have the privilege of driving on our roads. The proposed amendment did nothing more than correct a mistaken averment concerning the language by which appellee's right to drive in this state had been withdrawn. Superior Court Crim.Rule 7(e), Del.C.Ann., permits amendment of an information if no new or additional offense is charged and if no substantial right of the defendant is prejudiced. The appellee makes no suggestion that he was taken by surprise, or that he would have been unduly harmed by the change. The motion was simply one to make the information conform to the evidence. We see no reason why this change should not have been allowed. State v. Ruggiere, 180

### II

█ The appeal filed by the State in this case is based upon 10 Del.C. § 9902, which gives the State an absolute right to appeal the final Order of a lower Court dismissing an information under certain conditions. During oral argument, we questioned the State's right of appeal in this case because the Order entered below, while called a dismissal, was in effect a judgment of acquittal because the trial Judge had commenced the hearing of testimony. A witness had been sworn and had answered a number of questions before the application to amend was made. The trial had thus commenced and defendant was entitled to a judgment of acquittal. In a non-jury case, jeopardy attaches when the Court has begun to hear the evidence. 1 Antieau, Modern Constitutional Law § 5:21 (1969); 21 Am.Jur.2d, Criminal Law § 175 (1965); People v. Laws, 29 Ill.2d 221, 193 N.E.2d 806 (1963). If the correct judgment had been entered, the State could appeal only under 10 Del. C. § 9903, for which this Court's permission is a necessary prerequisite. In any event, following this discussion during the argument, the State made an oral application, at our suggestion, for such permission, which we granted.

We accordingly must dispose of the case as a judgment of acquittal. We cannot send the case back for retrial in a § 9903 appeal, the function of which is to provide guidance for future cases, State v. Clark, Del.Supr., 270 A.2d 371, 372 (1970), notwithstanding our agreement with the State's view as to the issue we have herein decided; the appellee cannot be retried for this same offense.

To perfect the record, the case will be remanded for the entry of a judgment of acquittal.