The STATE of Delaware, Plaintiff below, Appellant,

v.

Rafael GLAINDEZ, Defendant below, Appellee.

No. 761975.

Supreme Court of Delaware.

Submitted Sept. 8, 1975.

Decided Sept. 30, 1975.

George H. Seitz, III, Deputy Atty. Gen., Wilmington, for plaintiff below, appellant.

L. Vincent Ramunno, Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

The State appeals from the Superior Court's dismissal of this case for lack of effective prosecution.

Defendant was indicted on December 12, 1974 for first degree assault and possession of a deadly weapon during the commission of a felony. Arraignment was on December 31, 1974 and at pretrial conference on February 7, 1975 a trial date of March 13, 1975 was agreed upon. Subpoenas for the victim and his wife were issued by the State on February 19, 1975 and returned *non est inventus* March 5, 1975 with the notation, "victim known to have moved to Pennsylvania".

On the morning of trial, the State requested a continuance because the prosecution had not learned of the Sheriff's return until the previous afternoon and the victim was not present to testify. Replying to the Court's question, the State admitted the information could have been ascertained by contacting the Sheriff's office anytime after March 5, 1975 which had not been done.

The defendant was ready for trial, objected to a continuance, and requested that the case be dismissed.

In dismissing the case, the Court stated:

"The purpose of the pretrial conference was to afford both sides ample opportunity to prepare for trial. I consider that a period from February 7 to March 13 is adequate notice for both sides, the State and the defendant, to do all that is necessary to prepare this case for trial. It is now called for trial, and it's ready for trial." . . .

"I find that the State is not entitled to a further continuance in this matter, and I find that this matter should be dismissed for lack of effective prosecution, and it is dismissed." . . .

"I am not concerned how many times this case has been listed for trial. The purpose of the pretrial conference was to set a definite trial date, sufficiently far in advance to assure all sides would be prepared for trial. To come in on the morning of trial and advise the Court that a Sheriff's return last week indicates a nonappearing witness, and to bring that to the attention of the Court the opening day of trial as a basis for a continuance, to my mind, is unpardonable, and the Court will not be a party to that kind of delay.

It is unfortunate that the Court has to dismiss a case which may have some merit to it. But if the speedy trial concept is to mean anything, it must apply to both sides."

The Court may dismiss an indictment if there is unnecessary delay in bringing a defendant to trial. Superior Court Criminal Rule 48(b) *State v. Fischer*, Del. Supr., 285 A.2d 417 (1971). Under the circumstances we find no abuse of discretion and agree with the Court's rationale and ruling.

\* \* \*

Affirmed.