STATE of Delaware,
Plaintiff-below, Appellant,

v.

Lewis H. MARCHANT,
Defendant-below,
Appellee.

STATE of Delaware,
Plaintiff-below, Appellant,

v.

David W. LEGATES,
Defendant-below, Appellee.

Superior Court of Delaware,
Sussex County.

Submitted: Dec. 20, 1985.
Decided: Jan. 13, 1986.

James W. Adkins, Deputy Atty. Gen., Georgetown, for plaintiffs-below, appellants.

Merritt Burke, III of Brown, Shiels & Chasanov, Georgetown, for defendants-below, appellees.

CHANDLER, Judge.

Defendant-Appellees (Defendants) in these consolidated cases have moved to dismiss the State's appeals, contending that the State failed to apply for and receive leave to bring the appeals as required under 10 Del.C. § 9903. The State opposed the motion during arguments heard Friday, December 20, 1985.

Both defendants were charged and tried in the Sussex County Court of Common Pleas with "having actual physical control" of a vehicle while under the influence of alcohol in violation of 21 Del.C. § 4177(a). Defendant Legates was also charged with a speeding violation. During their respective separate trials, counsel for the defendants in each case asked the trial judge to exclude testimony regarding the manner in which the defendant was driving his vehicle on the theory that such evidence had no bearing on the charge of "actual physical control" of a motor vehicle. Agreeing with this argument, the trial judge refused to permit the arresting officer in each case to testify about his observations of the defendant's driving. In the face of this evidentiary limitation, the prosecuting attorney then attempted to ask questions of the arresting officer as to the events occurring *after* each defendant's vehicle had been stopped. This line of inquiry was also interrupted, however, when the defense successfully objected on the ground that no evidence had been introduced which established probable cause for the officer to stop the vehicle. With no further evidence to offer, the State rested its case. The defense attorney then moved to dismiss the charge "for lack of the State to prove the elements of the offense charged." Because the State failed to prove the charges, the trial judge found each defendant not guilty, entered a judgment of acquittal in

open court and released defendants from their bond.

## I.

Seeking review of the evidentiary rulings made by the Court of Common Pleas, the State brought these appeals pursuant to 10 *Del.C.* § 9902(a). Section 9902(a) grants the State an absolute right of appeal from "the final order of a lower court where the order constitutes a dismissal of an indictment or information or any count thereof, or the granting of any motion vacating any verdict or judgment of conviction where the order of the lower court is based upon the invalidity or construction of the statute upon which the indictment or information is founded ..." 10 *Del.C.* § 9902(a).

The State contends that appeal pursuant to § 9902(a) is proper in these cases because the trial judge below misconstrued the statute upon which the defendants were charged and improperly excluded relevant evidence. In addition, the State argues that nothing in § 9902 expressly prohibits a post-trial appeal. Finally, the State points to *State v. Rucker*, Del.Super., 297 A.2d 400 (1972) as a similar case where an appeal was permitted under § 9902 to review a trial judge's misconstruction of a state statute.

## II.

I have reviewed the transcript (contained in the appeal) of the proceedings in the Court of Common Pleas. There is no question that a trial commenced in each of these cases, that testimony, however abbreviated, was taken, and that jeopardy attached. 1 Antieau, Constitutional Law § 5:21 (1969). Although the defense asked for a "dismissal", the trial judge clearly entered judgments of acquittal, finding each defendant "not guilty". See *State v. Dennis*, Del.Supr., 306 A.2d 729 (1973) (although trial court called its order a dismissal, it was in effect a judgment of acquittal and appeal could only be taken by the State under 10 *Del.C.* § 9903).

I believe the principles governing appeals by the State in situations of this kind are as follows. First, in a non-jury case, if the trial court has not begun to hear the evidence, jeopardy has not attached and a dismissal of an information or indictment entitles the State to an appeal as of right under 10 *Del.C.* § 9902. *State v. Dennis, supra,* 306 A.2d at 731 (1973). On the other hand, if the decision is a judgment of acquittal after trial, the only avenue of appeal for the State is 10 *Del.C.* § 9903. *State v. Sharon H,* Del.Super., 429 A.2d 1321, 1326 (1981) (where the trial court has entered a judgment of acquittal, the State's only appeal route is 10 *Del.C.* § 9903). Furthermore, under § 9903 (and the Courts implementing Rule 38.1(b)), the State must apply for leave to appeal "a substantial question of law or procedure" and the Court, in its absolute discretion, may or may not permit the appeal. *State v. Williams,* Del.Super., Cr.A. No. K–81–11–0054A (Kent County), Christie, J. (December 7, 1981) (denying leave to appeal trial court evidentiary rulings under § 9903 because the rulings were not substantial and were not made under circumstances which would preclude reconsideration of the issues if the same issues were to arise in another trial in the Court of Common Pleas).

In these proceedings it appears clear beyond question that judgments of acquittal were entered by the trial judge in the Court of Common Pleas. That being so, these post-trial appeals may only be brought with leave of this Court pursuant to 10 *Del.C.* § 9903. Indeed, as then-Justice Herrmann observed in *State v. Fisher,* Del.Supr., 278 A.2d 324, 327 (1971), "it is clear that § 9903 is addressed to *post-trial appeals.*"

This is as it should be, for the statute itself describes significant differences in a post-trial appeal under § 9903 and a pre-trial appeal under § 9902. Under § 9903 the decision or result of the appeal shall not affect the rights of the defendant and he is not obligated to defend the appeal. The Court may require the public defender

to argue the cause, but the defendant who has been found not guilty cannot be forced to defend it. On the other hand, where a pretrial ruling has lead to the dismissal of an information or indictment, or where evidence suppressed has lead to a dismissal, the defendant has not been placed in jeopardy and he is obliged to defend not only the appeal, but also stand trial should the appellate court reverse the dismissal. 10 *Del.C.* § 9902(c).

Considering all of the circumstances and for the reasons set forth herein, the appeals in these cases must be dismissed for failure to obtain leave of Court under 10 *Del.C.* § 9903 as required for post-trial appeals.

IT IS SO ORDERED.