Brian WESTON,* Respondent
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Dec. 23, 1988.
Decided: Feb. 17, 1989.

Robert F. Phillips, Asst. Public Defender, Wilmington, for appellant.

Richard E. Fairbanks, Jr., Chief of Appeals Division, Dept. of Justice, Wilmington, for appellee.

Before CHRISTIE, C.J., and HORSEY and HOLLAND, JJ.

CHRISTIE, Chief Justice:

In this case the Court must decide whether an appellant who files a timely notice of appeal, but incorrectly indicates that his appeal is from an unappealable interlocutory order, may amend his notice of appeal so as to indicate that it is from the final order. We find that the holding of this Court in the case of *State Personnel Commission v. Howard*, Del.Supr., 420 A.2d 135 (1980), controls this issue and that, because the amendment does not substantially prejudice the appellee, it is permissible and the appeal may go forward. How-

* Pursuant to Supreme Court Rule 7(c), this Court has used a pseudonym to protect the identity of

the juvenile.

ever, on the merits of the appeal, we find no merit in the appellant's contention that the trial judge abused his discretion in failing to dismiss this case pursuant to Family Court Criminal Rule 48(b). Therefore, we affirm the decision of the Family Court.

## I.

Brian Weston, the appellant, was arrested on May 31, 1988, and charged with receiving stolen property, conspiracy in the second degree, and driving a motor vehicle without a license. Since Weston is a juvenile, a fact-finding hearing was scheduled in Family Court for August 2, 1988. On the day of trial, however, the State requested a continuance because a necessary witness, the victim, was not in court. The appellant's counsel opposed the State's request for a continuance and moved for dismissal of the charges on the ground that there was an unnecessary delay in bringing the appellant to trial. *See* Fam.Ct.Cr.R. 48(b). The trial court denied this motion. Instead, the trial court granted a modification of bail and ordered a continuance.

The hearing then took place on August 22, 1988. The Family Court found the appellant delinquent on the charges of receiving stolen property and driving without a license and committed him to the Division of Youth Rehabilitative Services for placement at Ferris School.

On August 30, 1988, the appellant's attorney filed a notice of appeal. However, on the notice of appeal the appellant's attorney stated that the appeal was from the Family Court order of August 2, 1988. Although August 2, 1988, was the date that the Family Court granted the continuance, that order was an interlocutory order. The case did not involve a final order until August 22, 1988, when Weston was adjudicated delinquent and sentenced. The appeal should have been taken from that determination even though the earlier ruling was the issue to be reviewed on appeal. *See* Supr.Ct.R. 6.

On November 30, 1988, the appellant's counsel filed his opening brief and appendix, in which he argued the merits of the appellant's position. The State responded on December 2, 1988, by moving to dismiss the appellant's appeal as being from an interlocutory order. Although this contention was technically correct, the State's motion went on to state incorrectly that the appellant had not yet been adjudicated delinquent when his appeal was filed.

On December 7, 1988, the appellant's attorney filed a response to the State's motion to dismiss, in which he asserted that the notice of appeal designated the Family Court order of August 2, 1988, as the basis of the appeal "[d]ue to an oversight," and he informed the Court that Weston had been adjudicated delinquent on August 22, 1988. Although the appellant's attorney requested that the Court deny the motion to dismiss, he did not file an application to amend his notice of appeal. *See, e.g., State Personnel Commission v. Howard,* 420 A.2d at 136.

The appellant's attorney filed a copy of the Family Court docket, which he had neglected to include in his appendix on December 8, 1988. The docket stated that the appellant had "plead guilty to RSP [receiving stolen property]" and had "[a]dmitted" to driving a motor vehicle without a license, and that the remaining charge had been *nolle prossed* by the State. Based on this docket entry, on December 12, 1988, the State filed a motion to affirm, in part on the basis that the appellant had pled guilty, since such a plea acts as a waiver of any challenge to an adversely determined pre-plea motion. The State, however, had overlooked that the appellant's attorney had attached a transmitting letter to the Family Court docket which noted that the docket's most recent entries were incorrect.

On December 20, 1988, the appellant's attorney filed an amended notice of appeal which correctly cited the final order of the Family Court, dated August 22, 1988, as the order from which the appeal was officially taken. However, the appellant's attorney again failed to move for leave to file an amended notice of appeal, as is required. On December 20, 1988, the appellant's attorney also filed an unauthorized response to the State's motion to affirm, stating that

Weston had not pled guilty but was adjudged delinquent after his hearing. This unauthorized response was later stricken by the Court.

On December 21, 1988, the State moved to withdraw its motion to affirm dated December 12, 1988, on the ground that when it prepared that motion it had not realized the Family Court docket contained errors. The State also moved to file in its place a new motion to affirm. This Court allowed the State to withdraw its previous motion to affirm and to file a new motion to affirm.

The State filed an unauthorized response to the appellant's amended notice of appeal, on December 22, 1988. This unauthorized response was later stricken by this Court.

On December 23, 1988, the State filed two motions. The first motion was a motion to strike appellant's notice of appeal. The other motion was a new motion to affirm.

On January 24, 1989, the appellant's attorney finally filed a motion for leave to file an amended notice of appeal. On January 25, 1989, the State filed a response opposing this request.

Despite the unfortunate history of incorrect pleadings and motions filed in this case, the Court now has before it only two matters: (1) the appellant's motion for leave to file an amended notice of appeal, and the State's opposition to this motion, and (2) the appellant's appeal on the merits in which he contends that the trial court abused its discretion by refusing to grant his motion to dismiss under Rule 48(b), and the State's motion to affirm the ruling of the trial court without further briefing. The legal issues involved are straightforward. First, this Court will address whether the appellant may amend his notice of appeal under the special circumstances of this case.

## II.

The State contends that the appellant should not be allowed to amend his notice of appeal because of the length of time it took the appellant's attorney to file a motion to amend his notice of appeal. The State also argues that it is unclear whether the appellant in this case should be allowed to amend his notice of appeal because of what the State asserts is conflicting precedent between this Court's decisions in the cases of *State Personnel Commission v. Howard*, 420 A.2d at 138, and *Harding v. State*, Del.Supr., No. 404, 1988, Walsh, J. (November 14, 1988) [551 A.2d 825 (Table)] (ORDER) (Appendix).

This Court finds that this case is controlled by the reported opinion in the case of *State Personnel Commission v. Howard* and that the case of *Harding v. State* is distinguishable on the facts. We hold that the motion to amend the timely notice of appeal satisfies the test set forth in the case of *State Personnel Commission v. Howard* and that it is in the interests of justice to allow the notice of appeal to be amended so that this case may be decided on its merits.

The appellant's original notice of appeal was filed on August 30, 1988, twenty-eight days after the Family Court's interlocutory order dated August 2, 1988, and eight days after the Family Court's final order dated August 22, 1988. The appellant's notice of appeal, however, stated that the appeal was from the Family Court's order dated August 2, 1988, which was an interlocutory order. On January 24, 1989, after two previous nonconforming attempts to correct his faulty notice of appeal, the appellant's attorney filed a motion for leave to file an amended notice of appeal which correctly cited the Family Court's order dated August 22, 1988, the final order in this case, as being the order from which the appeal was taken.

The case of *State Personnel Commission v. Howard* is the principal case in Delaware dealing with the issue of whether a notice of appeal which contains a technical defect may be amended after the statutory time for filing the notice of appeal has passed. The first issue which must be addressed in a case of this type is whether the appellant timely filed his initial notice of appeal within the 30-day statutory period. *See* 10 *Del.C.* § 147; Supr.Ct.R. 6.

Since the appellant's attorney filed his notice of appeal eight days after the entry of the final order, he did in fact file within the permitted 30–day period (even though he did not cite the final order in his notice of appeal). Thus, this case "is not a case in which this Court lacks jurisdiction because the appellant failed to file any notice of appeal within the 30 day statutory period." *State Personnel Commission v. Howard,* 420 A.2d at 138. Under the circumstances, there is no jurisdictional bar to prevent the appellant from amending his notice of appeal.

This Court has noted that Delaware has adopted the "modern view" toward amending a timely notice of appeal, which "de-emphasizes the technical procedural aspects of appeals and stresses the importance of reaching and deciding the substantive merits of appeals whenever possible." *Id.* at 137. Consistent with this policy, the Court developed a test to "govern cases involving omissions in the notice of appeal." *Id.* This test provides that:

> (1) Such omission in the notice of appeal will not cause the appeal to be dismissed unless the omission is substantially prejudicial to a party in interest; and
>
> (2) The burden rests upon the appellant to establish the absence of such substantial prejudice.

*Id.*

In the case of *State Personnel Commission v. Howard* this Court granted the appellant's motion to add additional appellees to the notice of appeal since no party was substantially prejudiced by the amendment. *Id.* at 138. Although this case concerns an amendment of a different facet of a timely notice of appeal, that of the order from which the appeal is taken, we find that the amendment sought is a minor, technical one. Therefore, this case is controlled by the test employed in the case of *State Personnel Commission v. Howard.*

Although the initial notice of appeal was defective because it failed to cite the existing final order of the Family Court, the State had timely notice of the substance of the appeal, and it was in fact on notice that a final order had been issued by the Family Court. The appellant notes that the same legal issue to be addressed on appeal was raised in both the original and the amended notices of appeal. Therefore, the appellant contends, the State would not suffer substantial prejudice if this Court allowed the notice of appeal to be amended. We find that the appellant thus has met his burden, outlined in *State Personnel Commission v. Howard,* of establishing an absence of substantial prejudice to an opposing party.

In opposing the amendment, the State does not contend that it suffered any prejudice from the mistake. Instead, the State points out that the appellant knew of the defect in the notice of appeal at least as early as December 6, 1988, yet did not properly move to obtain the permission of the Court to amend the notice of appeal until January 24, 1989. The State contends that to permit an amendment after a knowing seven week delay would be contrary to the stated purpose of the Supreme Court Rules "to provide for the speedy and efficient determination of proceedings in this Court." Supr.Ct.R. 102(a).

While there is some force to the State's position, this is not simply a case where the appellant's attorney took no action. Although it took until January 24, 1989, for the appellant's attorney to file a proper motion to amend its notice of appeal in this case, the attorney had made two earlier attempts to deal with the defect in the notice of appeal. While these attempts were not effective, they do evidence that the appellant's attorney was trying to correct the error. Moreover, the confusion which may have led to the delay was not solely due to the appellant's attorney. Each party filed motions which were factually incomplete or procedurally incorrect. As the appellant points out, Supreme Court Rule 102(a) also provides that the Supreme Court Rules "shall be construed so as to do substantial justice...." In view of the perplexing nature of the filings in this case, and the fact that the State was not substantially prejudiced by the appellant's amended notice of appeal, we find that the delay in moving for leave of court to amend the notice of appeal should not bar the amendment.

The State also questions the appellant's legal right to amend his notice of appeal. The State suggests that if the Court permits such an action, it would be contrary to our holding in the case of *Harding v. State.* In that case, the appellant, James Harding, filed a notice of appeal after he had been convicted of assault, but before he had been sentenced. Thus, the appellant was appealing from an interlocutory order *before* a final order had been entered. It is clear that no criminal conviction may be appealed until the defendant has been sentenced. Supr.Ct.R. 6; *Eller v. State,* Del.Supr., 531 A.2d 948, 950 (1987). The Court lacks jurisdiction to review interlocutory orders in criminal cases and, therefore, could not entertain Harding's appeal. Del. Const. art. IV § 11(1)(b). In that case the Court held that although the defendant was sentenced *after* he had filed his notice of appeal, "such sentencing does *not* retroactively validate [a] premature appeal." *Harding v. State,* Del.Supr., No. 404, 1988, slip op. at 1, Walsh, J. (November 14, 1988) [551 A.2d 825 (table)] (ORDER) (Appendix).

The holding in the case of *Harding v. State* is not inconsistent with our holding in the present case. In this case, Weston, unlike Harding, filed his notice of appeal *after* the trial court had entered its final order. Because the trial court's final order had been entered, this Court had jurisdiction to accept a notice of appeal. In this case the Court is not retroactively validating a premature appeal. The Court finds the State's second reason for opposing the amendment to the notice of appeal unpersuasive.

Since the appellant has satisfied the criterion for amending a notice of appeal set forth in the case of *State Personnel Committee v. Howard,* the appellee is permitted to amend his notice of appeal.

### III.

Proceeding to the merits of the appeal, the appellant contends that on August 2, 1988, the Family Court abused its discretion in denying his motion to dismiss the case on the basis of unnecessary delay under Family Court Criminal Rule 48(b).

The initial fact-finding hearing in this case was scheduled for August 2, 1988, slightly more than two months after the appellant was arrested and charged. Because the victim in this case, a necessary witness, had not received a subpoena, the State requested a continuance. Although the witness had been subpoenaed, the Sheriff was unable to serve the subpoena because the address the Attorney General's Office supplied was not specific enough. At this time the appellant's attorney moved for dismissal of the charges based on Family Court Criminal Rule 48(b), which permits the Court to dismiss charges "[i]f there is unnecessary delay in bringing to trial a person held to answer."[1] The Family Court denied the motion.

Family Court Criminal Rule 48(b) is similar to Superior Court Criminal Rule 48(b), and is governed by the same policy considerations. This Court has held that the power of the trial court under Rule 48(b) "is a discretionary one, not governed by established concepts of the Speedy Trial Clause of the Sixth Amendment." *State v. Fischer,* Del.Supr., 285 A.2d 417, 418 (1971). This Court has also noted that "the application of Rule 48(b) lies within the sound discretion of the trial court." *Hughey v. State,* Del.Supr., 522 A.2d 335, 340 (1987). Thus, this Court reviews a determination of the trial court on Rule 48(b) to see "whether there was an abuse of judicial discretion below." *State v. Fischer,* 285 A.2d at 419.

The appellant relies on the case of *State v. Glaindez,* Del.Supr., 346 A.2d 156 (1975), to support his contention that a dismissal should have been granted. In that case, this Court affirmed the dismissal of a criminal indictment which had been granted by the trial court after the State requested a continuance due to its failure to secure the attendance of a necessary witness. The

---

1. Family Court Criminal Rule 48(b) provides in full:

   *(b) Dismissal by Court.* If there is unnecessary delay in bringing to trial a person held to answer, the Court may dismiss all proceedings in that action and release the accused and vacate any appearance bonds.

case of *State v. Glaindez* is distinguishable on the facts, however, because in that case the trial court had previously held a pretrial conference, specifically to allow both sides to prepare for trial. *Id.* at 157. No pretrial conference was held in this case. *Cf. Hughey v. State,* 522 A.2d at 341. In each case, the trial court made a discretionary ruling based on the facts before it.

Additionally, although Rule 48(b) is not governed by the concepts embodied in the Speedy Trial Clause, this Court has held that some showing of prejudice is required before the trial court's decision in favor of a continuance may be effectively challenged. *Id.* at 340. In this case the initial trial date was only two months and two days after the delinquent act occurred. Although the delay caused by the State's inadequate subpoena is attributable to the State, it was plainly an unintentional error, not the result of any improper motive or any extensive or repetitious failures on the part of the State. *Compare State v. Fischer,* 285 A.2d at 420.

The trial court weighed these factors and then employed its discretionary authority to deny the appellant's Rule 48(b) motion. We find no abuse of discretion in that ruling.

The decision of the Family Court is AFFIRMED.

### APPENDIX

Supreme Court of Delaware

JAMES HARDING, Defendant Below, Appellant,

v.

STATE OF DELAWARE, Plaintiff Below, Appellee.

No. 404, 1988

Submitted: October 20, 1988

Decided: November 14, 1988

Court Below: Superior Court of the State of Delaware in and for New Castle County Cr.A. No. IN88–03–0171

Before MOORE, WALSH and HOLLAND, JJ.

### ORDER

WALSH, Justice.

This 14th day of November, 1988, the State having moved to dismiss this criminal appeal under Supreme Court Rule 29(b) as an unappealable interlocutory order in a criminal case and the appellant having responded thereto through a "motion to affirm," it appears to the Court that:

(1) Defendant was convicted after a jury trial of assault in a detention facility and on the date he filed this appeal, October 4, 1988, had not been sentenced. Although defendant apparently was sentenced on November 4, 1988, such sentencing does not retroactively validate his premature appeal. Accordingly, defendant's conviction is not considered final as of the date of the filing of his appeal.

(2) It is clear that this Court lacks jurisdiction to review interlocutory orders in criminal cases. Del. Const. art. IV § 11(1)(b); *State v. Cooley,* Del.Supr., 430 A.2d 789 (1981). The decision sought to be appealed is clearly interlocutory in nature and thus beyond the appellate jurisdiction of this Court. This Court is without jurisdiction to entertain defendant's appeal in the absence of a final judgment in the Superior Court.

NOW, THEREFORE, IT IS ORDERED that this appeal be and the same hereby is,

DISMISSED.