**STATE of Delaware, Plaintiff Below, Appellant,**

v.

**Eugene T. REED, Jr., Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted: Sept. 12, 1989.
Decided: Nov. 27, 1989.

Gary A. Myers, Deputy Atty. Gen., Dept. of Justice, Wilmington, for appellant.

Merritt Burke, III, of Brown, Shiels & Chasanov, Georgetown, for appellee.

Before HORSEY, WALSH, and HOLLAND, JJ.

HORSEY, Justice:

The State appeals Superior Court's dismissal of the State's timely appeal of a Justice of the Peace's dismissal of a driving under the influence ("DUI") charge against the defendant, Eugene T. Reed, Jr. We conclude that Superior Court erred as a matter of law in denying the State's motion to amend its notice of appeal and in granting defendant's motion to dismiss the State's appeal.

On May 5, 1988, defendant was cited for driving under the influence, pursuant to 21 Del.C. § 4177(a). On July 1, 1988, the case was scheduled for trial. At the commencement of the trial, the defendant's counsel requested and was granted permission of

the court to conduct a *voir dire* examination of the arresting officer. Counsel did so after the witness had been sworn but before the officer "could present the State's case." *State v. Reed,* Del.Super., Cr.A. No. S88–07–0000B, 1989 WL 12237, Chandler, J. (Feb. 9, 1989), slip op. at 1. *Voir dire* was requested on the issue of probable cause to arrest.

After defendant's counsel established, through the officer's production of the implied consent and probable cause form, that the time of arrest was identical to the time of defendant's stop or apprehension. Defendant then moved to dismiss the criminal complaint because at the reported time of arrest, the arresting officer, who had not yet performed a sobriety test, did not have probable cause to make the arrest. The court reserved decision; and, after adjourning the proceeding for twelve days, by oral ruling on July 12 found the State to have lacked probable cause to arrest the defendant. The court then *dismissed* the complaint, which the magistrate noted by handwritten entry on the reverse side of the traffic complaint, "dismissed lack of prob. cause—time element." On the front of the traffic complaint, the notation "NG" appears.[1] These entries are the only record evidence preserved of the proceedings in the Justice of the Peace Court on July 1 and July 12, apart from the magistrate's later report to Superior Court of October 28, 1988.

On July 15, the Deputy Attorney General entered the case and erroneously certified to the Justice of the Peace Court that defendant had "made a pretrial motion to suppress all evidence subsequent to a traffic stop"; that the court had granted defendant's motion and that "all of the State's evidence was suppressed." The Deputy Attorney General then compounded his error by erroneously certifying to the magistrate that the case should be dismissed under 10 *Del.C.* § 9902(b) and (c)[2] on the basis of the Deputy Attorney General's erroneous assumption that the court had granted defendant's pretrial motion to suppress all of the State's evidence. The magistrate, on July 18, entered the State's proposed form of order, over defendant's objection. Thereafter the State docketed on July 22 in Superior Court its original notice of appeal from the magistrate's order "suppressing evidence." The notice recited that the magistrate had "dismissed the case pursuant to State certification under 10 *Del.C.* § 9902(b) and (c) by order dated July 18, 1988." The notice, however, correctly recited the criminal action number of the case in the Justice of the Peace Court and that the case had been dismissed.

Prior thereto, defendant had informed the magistrate as well as the State that he had not filed any pretrial motion to suppress evidence. Defendant also took the position that he had been tried and found not guilty; and that the State was without authority to certify the case for appeal under 10 *Del.C.* § 9902(b) and (c). Because of the lack of record below, Superior Court (without remanding the case) directed the magistrate "to complete the record by filing a written opinion or order that would explain the 'nature and stage of the proceeding, and the factual or legal basis, of the particular ruling that terminated this case in Justice of the Peace Court No. 2.'" *State v. Reed,* slip op. at 4.

The magistrate, in a written response, disclaimed his order dated July 18 and reported his version of what had occurred in the courtroom on July 1 as well as July 12. The magistrate confirmed that he had dismissed the State's complaint for lack of probable cause for defendant's arrest—for

---

**1.** The notation "NG" appears to be an abbreviation for "not guilty."

**2.** 10 *Del.C.* § 9902(b) and (c) provide in pertinent part:

(b) When *any order is entered before trial* in any court *suppressing or excluding substantial* and material *evidence,* the court, upon certification by the Attorney General that the evidence is essential to the prosecution of the case, shall dismiss the complaint, indictment or information or any count thereof to the proof of which the evidence suppressed or excluded is essential. . . .

(c) The State shall have an absolute right of appeal to an appellate court from an order entered pursuant to subsection (b) of this section. . . .

(emphasis added).

lack of evidence that he was under the influence at the time of the stop. The magistrate further confirmed that the testimony received by him had occurred in the course of *voir dire* by defendant and the arresting officer. The magistrate denied that defense counsel had filed any pretrial motion to suppress evidence and asserted that the papers submitted to him by a deputy attorney general were "full of errors and untruths."

The State then moved for leave to file an "amended notice of appeal." The proposed amended notice stated that the State was appealing, pursuant to 10 *Del.C.* § 9902(a)[3] and (c), two orders dismissing the complaint and prosecution in *State v. Eugene T. Reed*, J.P. 2–88–07–00033. The two decisions appealed were: (1) an oral ruling rendered July 12, 1988 "dismissing the prosecution"; and (2) a written order dated July 18, 1988 "dismissing the prosecution upon the certification of the Attorney General."

Superior Court denied the State's motion to amend and granted defendant's motion to dismiss the appeal. The court found: (1) the State's original notice of appeal under section 9902(b) to be inadequate notice to defendant of the nature and scope of the State's amended notice of appeal under section 9902(a); and (2) the State guilty of inexcusable neglect in not filing a timely and proper amended notice of appeal within the original 30–day appeal period. The court reasoned that it was "compelled" to reach the same result that had been reached by another judge of the Superior Court in *State v. Cordrey*, Del.Super., C.A. No. 88–07–0000A, 1988 WL 139917, Babiarz, J. (Dec. 16, 1988, *reh'g denied*, Jan. 12, 1989). In *Cordrey*, the court refused a similar motion to amend, stating that "the appeals [were] different."

The State first argues that substance rather than form should govern Superior Court's review of the decision-making process underlying an appeal filed under section 9902. Thus, although the State "may have" incorrectly denominated the appeal under section 9902(b) and (c), the essence of what the State was appealing—the magistrate's decision to disallow the evidence of drunken driving and to dismiss the State's claim—was the same regardless of whether the trial court's order was entered under subsection (a) or (b) of section 9902. In response, defendant argues that the court correctly dismissed the State's appeal. Since no pretrial suppression motion was presented or granted, subsections (b) and (c) were inapplicable. Thus, defendant contends that because the dismissal did not occur before the trial began, but rather at *commencement* of the trial, the magistrate's order cannot be classified as a section 9902(b) and (c) appeal from a pretrial order suppressing or excluding substantial material evidence.

The State next argues that when Superior Court held the second order to be without force or effect—because the magistrate signed the order under duress—the court was, in reality, vacating the signed order and reinstating the earlier oral dismissal. The State says that it was thus entitled to lodge a new appeal from the earlier oral ruling.

The State notes that because section 9902 was modeled after similar federal statutes, federal precedents which favor the substance-over-form interpretation should be applicable to Delaware's statute. The State cites *United States v. Hark*, 320 U.S. 531, 64 S.Ct. 359, 88 L.Ed. 290, *reh'g denied*, 321 U.S. 802, 64 S.Ct. 517, 88 L.Ed. 1089 (1944), as precedent. In that case, the United States Supreme Court stated, "where, as here, a formal judgment is signed by the judge, this is *prima facie* the decision or judgment rather than a statement in an opinion or docket entry." 320 U.S. at 534–35, 64 S.Ct. at 361. The State contends that in this case, just as in *Hark*, the State's original notice of appeal, by citing the formal order executed by the magistrate, relied upon the legal effect of

---

**3.** 10 *Del.C.* § 9902(a) provides, in pertinent part:

(a) *The* State shall have an absolute right to appeal to an appellate court a final order of a lower court where the order constitutes a dismissal of an indictment or information or any count thereof, or the granting of any motion....

that ruling rather than the prior oral ruling. The State further argues that this Court has adopted a modern view which " 'deemphasizes the technical procedural aspects of appeals and stresses the importance of reaching and deciding the substantive merits of appeals whenever possible.' " *Weston v. State,* Del.Supr., 554 A.2d 1119, 1122 (1989), *quoting State Personnel Commission v. Howard,* Del.Supr., 420 A.2d 135, 137 (1980).

Defendant contends that the State's attempt to amend its appeal occurred after the expiration of the time for which an appeal could be brought. The State responds by noting that under this Court's decision in *Weston,* an amendment can be filed after the time for an appeal is over. In *Weston* this Court held that an amendment to a notice of appeal would be granted when: (1) the original notice of appeal was filed in a timely fashion; (2) the omission in the notice of appeal is not substantially prejudicial to the party in interest; and (3) the appellant has met his burden of establishing the absence of such substantial prejudice. This test, however, only applies in circumstances where the amendment sought is a minor, technical one. Defendant responds that the amendment being sought by the State in the present case is not minor nor technical and that prejudice would result.

■ We conclude, after careful review of the record, that notwithstanding the magistrate's "NG" notation on the front of the traffic complaint, the magistrate's order was an order of dismissal. Moreover, the State's notice of appeal to Superior Court was timely filed. Further, although the State erroneously described the order appealed as an order suppressing evidence, the State correctly recited the appeal as having been taken from the trial court's *dismissal* of criminal proceedings against defendant, identifying the case by docket number.

■ The State's appeal, thus, in reality, was an appeal of right, conferred by 10 *Del.C.* § 9902(a). The State's erroneous recital of section 9902(b) and (c), as well as its attempt to characterize the magistrate's dismissal as a pretrial motion to suppress all of the State's evidence, constitute technical flaws which, under Delaware law, are not grounds for dismissing a motion to amend on appeal unless the defendant will be prejudiced. *Weston,* 554 A.2d 1119. The defendant has suffered no substantial prejudice. Therefore, the Superior Court erred in denying the State's motion to amend its appeal. Accordingly, we remand the case, instructing the court below to proceed to hear the State's amended appeal.

\* \* \*

Reversed and Remanded.