**STATE of Delaware, Plaintiff Below, Appellant,**

v.

**Racey PUSEY, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted May 21, 1991.
Decided Oct. 28, 1991.

---

Gary A. Myers, Deputy Atty. Gen., Dept. of Justice, Georgetown, for appellant.

Edward G. Gill, Wolhar and Gill, P.A., Georgetown, for appellee.

Before CHRISTIE, C.J., HORSEY, MOORE, WALSH and HOLLAND, JJ., constituting the Court *en banc*.

HOLLAND, Justice:

This is an appeal by the State of Delaware from an order of the Superior Court. In that order, the Superior Court denied the State's right to appeal from a mid-trial ruling in the Justice of the Peace Court, which dismissed various motor vehicle offenses and criminal charges that had been filed by the State against the appellee, Racey Pusey ("Pusey"). The Superior Court concluded that a dismissal which followed the attachment of jeopardy was in actuality an acquittal. Therefore, the Superior Court held that such a disposition did not "constitute a dismissal" from which the State could appeal, as a matter of right, pursuant to 10 *Del.C.* § 9902(a).

We have reviewed the record in this case. We have concluded that the ruling by the Justice of the Peace Court was properly denominated as a dismissal and was not in actuality an acquittal. Therefore, under the circumstances of this case, the State was entitled to appeal, as a matter of right, from the mid-trial ruling in the Justice of the Peace Court which dismissed the various charges that had been filed against Pusey. 10 *Del.C.* § 9902(a). Accordingly, the judgment of the Superior Court, denying the State's right to appeal, is reversed. We have also concluded that, if the State's appeal is successful, there is no bar to a reprosecution of Pusey.

### Facts

On May 30, 1989, Pusey was arrested for the offenses of driving under the influence of alcohol, failing to stop at the command of a police officer, speeding, disregarding two stop signs and under age consumption of alcohol. Pusey proceeded to trial in the Justice of the Peace Court on July 18, 1989. During trial, at the close of the State's case, the attorney for Pusey moved to dismiss all of the charges on the basis that none of the complaints contained a judge's signature to reflect that the various allegations had been sworn to by the arresting officer. *See* 21 *Del.C.* § 709(*l*)(1). The trial judge in the Justice of the Peace Court granted Pusey's motion to dismiss, and wrote the following language on the complaints: "Dismissed ... Defense motion. Ticket not sworn to."[1]

### The Parties' Contentions

Pusey argues that the Superior Court properly held that the mid-trial dismissal of the charges against him by the Justice of the Peace Court was an acquittal and did not "constitute a dismissal" from which the State could appeal, as a matter of right,

---

1. Thereafter, the State moved for reargument in the Justice of the Peace Court. That motion was denied.

pursuant to Section 9902(a). *Compare* 10 *Del.C.* § 9903. In support of his position, Pusey relies upon the fact that the dismissal in the Justice of the Peace Court was entered following the attachment of jeopardy. According to Pusey, any dismissal following the attachment of jeopardy is an acquittal and would act as a bar to further prosecution for the same charges.

The State argues that the disposition of the charges against Pusey in the Justice of the Peace Court was properly denominated as a dismissal and did not constitute an acquittal, notwithstanding the attachment of jeopardy. The State contends that the ruling in the Justice of the Peace Court was not based on the factual guilt or innocence of Pusey, but rather on the absence of a signature on the jurat portions of the complaints filed by the arresting officer. Therefore, the State submits that it has an absolute right to appeal the mid-trial dismissal of the charges against Pusey by the Justice of the Peace Court pursuant to 10 *Del.C.* § 9902(a). The State also contends that, if its appeal is successful, reprosecution of Pusey for the same charges is not barred by principles of double jeopardy.

### State's Right to Appeal a Dismissal

The government had no right to appeal in a criminal proceeding at common law. *State v. Bailey,* Del.Supr., 523 A.2d 535, 537 (1987) (citations omitted). However, statutes permitting appeals by the government in criminal matters have been enacted throughout the country. *Id. See also United States v. Scott,* 437 U.S. 82, 95–96, 98 S.Ct. 2187, 2196–97, 57 L.Ed.2d 65 (1978). In Delaware, the State has an absolute right to appeal from

> a final order of a lower court where the order constitutes a dismissal of an indictment or information or any count thereof, or the granting of any motion vacating any verdict or judgment of conviction where the order of the lower court is based upon the invalidity or construction of the statute upon which the indictment or information is founded or the lack of jurisdiction of the lower court over the person or subject matter.

10 *Del.C.* § 9902(a). This Court has previously concluded that Section 9902(a) must be construed as though it were punctuated and arranged as follows:

> The State shall have an absolute right to appeal to an
>
> > appellate court a final order of a lower court where the order constitutes (a) a dismissal of an indictment or information or any count thereof; or (b) the granting of any motion vacating any verdict or judgment of conviction (1) where the order of the lower court is based upon the invalidity or construction of the statute upon which the indictment or information is founded, or (2) where the order is based on the lack of jurisdiction of the lower court over the person or subject matter.

*State v. Fischer,* Del.Supr., 278 A.2d 324, 326 (1971). Consequently, this Court has opined that the provisions of 10 *Del.C.* § 9902(a) provide for appeals by the State in three situations. *Id.*

The parties agree that this Court must initially determine whether the case *sub judice* presents a situation which gives the State the right to appeal from the Justice of the Peace Court's "dismissal" of Pusey's charges, i.e., whether it was the final order of a lower court "which constitutes a dismissal of an indictment or information or any count thereof." 10 *Del.C.* § 9902(a). To properly determine what "constitutes a dismissal" under Section 9902(a), an appellate court is required to make a two-step inquiry. "First, had jeopardy attached and second, [if jeopardy had attached,] what was the basis for the [trial court's] decision?" *State v. Bailey,* Del.Supr., 523 A.2d 535, 538 (1987).

The first issue to be resolved by an appellate court when the State appeals in reliance upon the "dismissal" language of Section 9902(a) is whether jeopardy had attached. *Id.* When jeopardy has not attached, any termination of a criminal proceeding generally "constitutes a dismissal," as that phrase appears in the text of 10 *Del.C.* § 9902(a). In fact, this Court has recognized that the " 'dismissal' portion of § 9902(a) has been successfully [invokved

by the State] in many cases to appeal orders dismissing indictments or information *before* jeopardy has attached." *Id.* (emphasis in original).

If an appellate court concludes that jeopardy has attached, it must then proceed to the second step of the "dismissal" inquiry and determine the basis for the trial court's termination of the prosecution. Such a determination is required because the State's right to appeal is restricted by the relevant statutory language to only those final orders that "constitute a dismissal." 10 *Del.C.* § 9902(a). Therefore, if jeopardy had attached, the basis for the decision to terminate the prosecution is the *sine qua non* for determining whether the trial court's action "constitutes a dismissal," from which the State has a right to appeal pursuant to 10 *Del.C.* § 9902(a).

In this case, the State sought to invoke the appellate jurisdiction of the Superior Court to review the Justice of the Peace Court's mid-trial decision to dismiss the charges against Pusey. Since jeopardy had attached, the Superior Court was required to examine the basis for the Justice of the Peace Court's ruling. Unfortunately, the Superior Court never made the requisite determination. Instead, the Superior Court held that *any* dismissal of criminal charges following attachment of jeopardy is an acquittal.

### Dismissal or Acquittal

■ However, any dismissal following the attachment of jeopardy does not *ipso facto* constitute an acquittal. *United States v. Scott,* 437 U.S. 82, 95–97, 98 S.Ct. 2187, 2196–97, 57 L.Ed.2d 65 (1978). A judgment of acquittal is rendered, following the attachment of jeopardy, only if the dispositive ruling relates to the merits of the case and determines some or all of the factual elements of the offense charged. *See United States v. Martin Linen Supply, Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977). Delaware has codified those common law concepts and has provided that "[t]here is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determina-

tion by the [trial] court that there was insufficient evidence to warrant a conviction." 11 *Del.C.* § 207(1).

■ Moreover, it must be noted that the trial court's characterization of its decision as a dismissal or an acquittal cannot control the classification of its action for the purpose of determining the State's right to appeal. *United States v. Scott,* 437 U.S. at 96, 98 S.Ct. at 2196; *State v. Reed,* Del. Supr., 567 A.2d 414, 417 (1989); *State v. Dennis,* Del.Supr., 306 A.2d 729, 731 (1973). Consequently, an appellate court must assiduously examine the basis for the trial court's termination of a prosecution, following the attachment of jeopardy, whenever the State relies upon the "constitutes a dismissal" language of Section 9902(a) in asserting its right to appeal. *See State v. Dennis,* 306 A.2d at 731. In fact, this Court previously has recognized the important distinction between an acquittal and a mid-trial dismissal, notwithstanding even the trial court's characterization of its own ruling. *See id. See also State v. Reed,* 567 A.2d at 417.

### Prior Precedents

In *Dennis,* this Court concluded that a decision which the trial court characterized as a dismissal of the State's charges, following the attachment of jeopardy, was in actuality an acquittal. *State v. Dennis,* 306 A.2d at 731. Pusey argues that our holding in *Dennis* supports the Superior Court's decision. According to Pusey, *Dennis* stands for the proposition that any dismissal following the attachment of jeopardy is *ipso facto* an acquittal. However, a careful reading of *Dennis* does not support that argument. In *Dennis,* this Court opined that the dismissal was actually an acquittal because the trial court's decision was based upon its conclusion that the State's evidence was insufficient to prove the substantive merits of the original unamended charges and not simply because it was a dismissal following the attachment of jeopardy. *Id.* Consequently, in *Dennis,* this Court held that the disposition by the trial court did not "constitute a dismissal"

that was appealable by the State pursuant to Section 9902(a).

Conversely, this Court recently held that the State could appeal, as a matter of right, from a Justice of the Peace Court's mid-trial termination of a prosecution, notwithstanding the trial court's characterization of its action as an acquittal rather than a dismissal. *See State v. Reed,* Del.Supr., 567 A.2d 414 (1989). In *Reed,* the appellee had been charged with driving under the influence of alcohol. *Id.* at 414. At the commencement of trial, the appellee's attorney requested permission to conduct a *voir dire* examination of the arresting officer. *Id.* at 414–15. That permission was granted after the officer had been sworn (so that jeopardy had attached) but before the officer presented the State's case. *Id.* at 415. At the conclusion of that *voir dire,* the attorney for the appellee moved to dismiss the complaint for lack of probable cause. *Id.* The trial court granted the motion. The trial court wrote "NG" (not guilty) on the front of the traffic complaint and on the reverse side wrote "dismissed lack of prob. cause—time element." *Id.* After a careful review of the record, this Court determined that the basis for the mid-trial termination of the prosecution in *Reed,* at the request of the defendant, was procedurally a dismissal and not a substantive judgment of acquittal. *Id.* at 417. Therefore, this Court concluded that, notwithstanding the trial court's notation of an acquittal (not guilty) on the record, the mid-trial termination of the prosecution in *Reed* constituted a dismissal that was appealable by the State pursuant to 10 *Del.C.* § 9902(a). *Id.*

### This Case

■ In the present case, Pusey's attorney moved for a mid-trial dismissal of the State's complaints. The Justice of the Peace Court granted Pusey's motion and wrote "dismissed" on the complaints along with the notation "tickets not sworn to." The failure of the magistrate to sign the jurat portions of the complaints was a procedural defect. According to the prior precedents of this Court, termination of the prosecution on that ground did not constitute an acquittal because the basis for the trial court's decision was not related to the sufficiency of the State's evidence. *See* 11 *Del.C.* § 207(1). *Compare State v. Dennis,* Del.Supr., 306 A.2d 729 (1973) *with State v. Reed,* Del.Supr., 567 A.2d 414 (1989).

The record reflects that the action of the Justice of the Peace Court was properly denominated a dismissal of the State's case against Pusey. Although the State had presented its case and jeopardy had attached, the basis for the mid-trial dismissal was not related to the elements of the offenses with which Pusey was charged or the sufficiency of the State's evidence. Therefore, the trial court's mid-trial decision "constituted a dismissal" from which the State could appeal pursuant to 10 *Del.C.* § 9902(a).

### Reprosecution Upon State's Successful Appeal

We have concluded that the State has a statutory right to appeal the decision by the Justice of the Peace Court to terminate the prosecution against Pusey because that decision, not based upon the sufficiency of the State's evidence, was a dismissal rather than an acquittal. The remaining question to be decided is whether Pusey can be retried if the State's appeal is successful. The United States Supreme Court has held that, if a defendant voluntarily terminates the trial without any determination of factual guilt or innocence, a retrial following a successful appeal by the government does not violate the defendant's rights under the Double Jeopardy Clause of the federal constitution. *United States v. Scott,* 437 U.S. at 101, 98 S.Ct. at 2199.[2]

This Court has previously noted that "§ 9902 is not broad enough to permit *any* appeal by the State that does not violate

---

**2.** This Court has observed that the double jeopardy provisions in the United States Constitution and the Delaware Constitution are similar. *White v. State,* Del.Supr., 576 A.2d 1322, 1324 n. 3 (1990). We have not yet been required to determine whether they are identical in scope in all respects. *Id.* This case does not require us to make that determination either.

the principles of Double Jeopardy." *State v. Bailey*, 523 A.2d at 537 (emphasis in original). Similarly, the Delaware General Assembly has enacted a statutory double jeopardy scheme that addresses the preclusive effect of former prosecutions on subsequent prosecutions. However, this case does not require us to determine whether the Delaware statutory double jeopardy scheme provides greater protection than the Double Jeopardy provision in the federal constitution. 11 *Del.C.* § 207.

The State's ability to retry Pusey is the same under the Delaware double jeopardy statute as it is pursuant to the United States Constitution. *See United States v. Scott*, 437 U.S. at 101, 98 S.Ct. at 2199. The Delaware double jeopardy statute provides in pertinent part, as follows:

> When a prosecution is for a violation of the same statutory provisions and is based upon the same facts as a former prosecution, it is barred by the former prosecution under the following circumstances:
>
>> (4) The former prosecution was improperly terminated. Except as provided in this subdivision there is an improper termination of a prosecution if the termination is for reasons not amounting to an acquittal, and it takes place after the first witness is sworn but before verdict. Termination under any of the following circumstances is not improper:
>>
>>> a. The defendant consents to the termination or waives, by motion to dismiss or otherwise, his right to object to the termination.
>>>
>>> b. The trial court declares a mistrial in accordance with law.

11 *Del.C.* § 207(4).

■ In this case, the record reflects that Pusey's trial was terminated, after the first witness was sworn and jeopardy had attached, for reasons that did not constitute an acquittal. The record also reflects that the termination of the prosecution was not improper because it was made pursuant to Pusey's motion to dismiss. Consequently, if the State's appeal is successful, the Delaware double jeopardy statute does not bar Pusey's reprosecution for the same offenses. 11 *Del.C.* § 207.

## Conclusion

The decision of the Superior Court which dismissed the State's appeal is REVERSED. This matter is REMANDED for further proceedings in accordance with this opinion.