**STATE of Delaware**

v.

**Kenneth E. FINK, (ID. No. 0003008673) Defendant.**

Superior Court of Delaware.

Submitted: Aug. 16, 2002.
Decided: Nov. 20, 2002.

Colleen K. Norris, Wilmington, for State.

Joseph A. Hurley, Wilmington, for Defendant.

VAUGHN, J.

### OPINION

The defendant, Kenneth E. Fink, is charged with four counts of felony theft. Trial was held in July 2002. After all evidence was presented, the defendant moved for judgment of acquittal. Decision on the motion was reserved and the case was submitted to the jury. The jury was discharged after it was unable to agree on a verdict. This is the Court's decision on the motion for judgment of acquittal.

The defendant is accused of taking funds from an estate of which he was executor and trustee. Count 1 reads as follows:

THEFT in violation of Title 11, Section 841 of the Delaware Code of 1974, as amended.

KENNETH E. FINK, on or about the 17th day of August 1993, in the County of New Castle, State of Delaware, did take and obtain with intent to appropriate, United States Currency in excess of $1,000.00 belonging to the estate of Patricia Zimmerman.

Count 2 alleges that he committed a second theft of funds from the Zimmerman estate on September 6, 1994. Count 3 alleges he did the same again on September 13, 1994. Count 4 alleges he took funds from the estate a fourth time on November 21, 1994.

The defendant first contends that the evidence was insufficient to establish that he committed theft. He argues that the evidence was insufficient to sustain a jury finding that he was "not privileged to infringe" upon the beneficiaries' interest in the estate's funds. The phrase "not privileged to infringe" is part of the definition of "property of another."[1] This latter phrase is part of the definition of "appropriate."[2] I am satisfied, however, that the evidence was sufficient on this point. The motion for judgment of acquittal on this ground is denied.

■ The defendant next contends that the prosecution is barred by the applicable statute of limitations. A prosecution for felony theft "must be commenced within 5 years after it is committed."[3] A crime is committed "when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated."[4] A prosecution is commenced when "an indictment is found or an information is filed."[5]

The five year period of limitation can be extended under some circumstances. One such circumstance is where the offense involves breach of fiduciary duty or actively concealed theft. 11 *Del. C.* § 205(c) reads in pertinent part as follows:

If the period prescribed by subsection (b) of this section has expired, a prosecution for any offense in which the accused's acts include or constitute ... breach of fiduciary duty or actively concealed theft ... may be commenced within 2 years after discovery of the offense has been made or should have been made in the exercise of ordinary diligence by an aggrieved party ... who is not a party to the offense. In no case shall this provision extend the period of limitation ... by more than an additional 3 years beyond the period specified in subsection (b) of this section.

The defendant was indicted in March 2000, more than five years, but less than eight years, after the offenses were allegedly committed.[6] The State contends that the prosecution was brought within the extended period allowed under subsection (c).[7]

The defendant contends, however, that the extension does not apply because the State did not allege the applicability of subsection (c) in the indictment. His argument is based upon 11 *Del. C.* § 205(j), which reads in pertinent part as follows:

In any prosecution in which subsection (c) ... of this section is sought to be invoked to avoid the limitation period of subsection (b) of this section, the State must allege and prove the applicability

1. 11 *Del. C.* § 857(5).

2. 11 *Del. C.* § 857(2).

3. 11 *Del. C.* § 205(b)(1).

4. 11 *Del. C.* § 205(f)

5. 11 *Del. C.* § 205(g).

6. The evidence presented at trial was consistent with the dates stated in the indictment.

The State has not contended that the alleged offenses were "committed" for purposes of section 205 at some date or dates later than those stated in the indictment.

7. At trial, the theft instruction given to the jury included an instruction based on subsection (c).

of subsection (c) ... as an element of the offense.

The indictment in this case makes no mention of subsection (c).[8] Since the State did not allege the applicability of the extension in the indictment, the defendant argues, the State is bound by the 5 year statute.

█ The State argues in response that the omission of any mention of subsection (c) is a defect in the indictment which, because not raised prior to trial, is waived. It urges the Court to follow several cases in which challenges to an indictment were rejected because they were not raised prior to trial.[9]

The decisions in the cases relied upon by the State are based upon Criminal Rule 12, which provides that defenses and objections based on defects in the institution of the proceeding, or defects in the indictment or information, must be raised before trial. If not, they are waived.[10] The omission of any reference to subsection (c) in the indictment, however, is not a "defect" in the indictment. It is simply a failure to invoke the applicability of the extended period of limitations. Even if one does choose to view it as a "defect," the defendant does not waive this particular issue by not raising it prior to trial. Issues relating to periods of limitations are excluded from the provisions of Criminal Rule 12 by its express terms. The last sentence of the rule provides as follows:

> Nothing in this rule shall be deemed to affect the provisions of any statute relating to periods of limitations.

Accordingly, an objection based upon a period of limitation is not waived under Criminal Rule 12 if not raised prior to trial. Indeed, the Delaware Supreme Court has stated that the time limitations set forth in section 205 are "jurisdictional in nature" and "confer substantive rights which a defendant may not waive."[11] An objection based upon the period of limitation is preserved by the defendant's plea of not guilty and can be raised for the first time at trial.

This Court has previously recognized that the State must allege in the indictment the applicability of subsection (c) where the State relies upon that subsection to avoid the periods of limitations set forth in subsection (b).[12] The State has not done so here. It is bound by the 5 year period of limitation. Therefore, the prosecution is barred by section 205(b).

The only remaining question is whether it is appropriate to enter a judgment of acquittal, as opposed to dismissing the indictment. A case dispositive ruling made after the evidence has been presented is not necessarily an acquittal.[13] An acquittal is appropriate only where the evidence is insufficient to warrant a conviction.[14]

---

8. In fact, neither the State nor the defendant made any mention of the period of limitation at any point in the proceeding until the defendant made his motion.

9. *Brown v. State,* 729 A.2d 259 (Del.1999) (objection to alleged defect in conspiracy count in indictment deemed waived because not raised prior to trial); *Malloy v. State,* 462 A.2d 1088 (Del.1983) (objection based upon failure of indictment to expressly charge the intent required by the offense deemed waived because not raised prior to trial); *State v. Toth,* 793 A.2d 417 (Del.Super.2000) (failure of indictment to charge an essential element of the offense deemed waived because not raised prior to trial).

10. Super. Ct.Crim. R. 12(f).

11. *Cane v. State,* 560 A.2d 1063 (Del.1989).

12. *State v. Baker,* 679 A.2d 1002 (Del.Super.1996); *State v. Sonchen,* 1986 WL 8175 (Del.Super.1986).

13. *State v. Pusey,* 600 A.2d 32 (Del.1991).

14. 11 *Del. C.* § 207(1); Super. Ct.Crim. R. Rule 29(a).

The Delaware Supreme Court has stated that this standard is met "only if the dispositive ruling relates to the merits of the case and determines some or all of the factual elements of the offense charged." [15] Under our criminal code, compliance with the period of limitation is an element of an offense, which must be proved by the State.[16] For this reason, a ruling that the prosecution is time barred, made upon a defense motion after the State has presented all of its evidence, meets the criteria for entry of judgment of acquittal. It is no different than a ruling that there is an insufficiency of evidence as to any other element of the offense.

The defendant's motion for judgment of acquittal is *granted.*

**IT IS SO ORDERED.**

---

**15.** *State v. Pusey,* 600 A.2d 32, 35 (Del.1991).   **16.** 11 *Del. C.* § 232.