**STATE of Delaware**

**v.**

**Iven O. FISCHER.**

**STATE of Delaware**

**v.**

**Hubert R. GOLDSBERRY.**

Superior Court of Delaware,
New Castle.

July 31, 1970.

Francis A. Reardon, State Prosecutor, for the State.

Stephen B. Potter, Wilmington, for defendants.

QUILLEN, Judge.

Both defendants have moved to dismiss the indictments because the case was finally and previously disposed of in Municipal Court and because of a denial of a speedy trial. At oral argument, it was agreed by counsel that there was no dispute of facts and the Court could decide the case on the factual record made by the Court's file including several affidavits.

The defendant Fischer was arrested on January 19, 1970, for sale and disposition of lottery tickets. Prosecution was commenced in the Municipal Court where bail was posted. The case was put on the trial list for January 21, 1970. On January 21, 1970, Fischer appeared with counsel in Municipal Court, pleaded not guilty, and asked for trial. The case was rescheduled to January 22, 1970, when Fischer again with counsel requested trial. The case was then rescheduled to February 26, 1970. Fischer appeared with counsel and demanded trial on that date as well. The case was nolle prossed by the State through a City Prosecutor. By Municipal Court order, money seized from Fischer was returned to him the same date. On May 5, 1970, the State reinstituted prosecution on the same charge in the Superior Court by Grand Jury indictment. There had been Grand Jury meetings in March and April. A Rule 9, Del.C.Ann., summons issued for Fischer and, on its return on May 15, 1970, Fischer was permitted to sign his own $500.00 bond. On May 15, 1970, the defendant Fischer through counsel moved to dismiss the indictment.

The defendant Goldsberry was arrested on January 20, 1970, for sale and disposition of lottery tickets. Prosecution was commenced in the Municipal Court where bail was posted. The case was put on the trial list for January 21, 1970. Goldsberry appeared that day and asked for trial. Due to the absence of the prosecution witnesses, the case was continued to February 26, 1970. Goldsberry appeared on that date and demanded trial. The case was nolle prossed by the State through a City Prosecutor. By Municipal Court order, the money seized from Goldsberry was returned to him the same date. On May 5, 1970, the State reinstituted prosecution on the same charge in Superior Court by Grand Jury indictment. A Rule 9 Summons issued for Goldsberry and, on its return on May 15, 1970, Goldsberry was permitted to sign his own $500.00 bond. On May 15, 1970, the defendant Goldsberry through counsel moved to dismiss the indictment.

The State notes that on February 16, 1970, a police recruit, who had been active in an investigation, which included these cases, received information by telephone which relayed to the recruit an overheard threat to the recruit or his family. The State has not related the threat to these particular defendants but the incident was evidently tied to their cases. For this reason a member of the City police requested the City Prosecutor to enter a nolle prosequi in the two pending cases. The police incident report concerning this alleged threat was dated February 16, 1970. After subsequent review by superior police officials, the City Solicitor's Office requested the Department of Justice to reinstitute the charges by indictment. This was accomplished in May.

■ It seems clear that there is nothing to bar the State from indicting in the Su-

perior Court after nolle prossing the case in Municipal Court. State v. Dennington, 1 Storey 322, 145 A.2d 80 (Super.Ct.1958). The defendants particularly argue that any reinstitution of a criminal charge must be done during the same Term of Court. In this regard, no Delaware case has been cited which places any significance on the formal and arbitrary concept of Court Terms and this is certainly not the time to introduce the term concept in this area of the law since the whole significance of Court terms is gradually disappearing. This is especially true since different Courts have different terms timewise and since the term concept has no necessary relation to the actual time involved between the nolle prosequi and the reinstitution of the charge.

■ Moreover, the case of Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967) has no relevance to Delaware. Under North Carolina law, a nolle prosequi with leave to reinstate permitted the State to prosecute at any time for an indefinite period, the statute of limitations being tolled. Although not necessary to the decision here, it appears clear that a nolle prossed Municipal Court case is terminated and in effect a nullity insofar as tolling the statute of limitations is concerned. A subsequent indictment would have to be within the statutory period.

■ Turning to speedy trial concepts, there are two related doctrines. The first is constitutional, having the sanction of constitutional mandate under the Fourteenth Amendment of the Federal Constitution, which now incorporates the Federal Sixth Amendment, and under Article 1, Section 7 of the Delaware Constitution, Del.C.Ann. The second is by rule, whereby the Court under Rule 48(b) may in its discretion dismiss an indictment if there is "unnecessary delay" in bringing the defendant to trial. It is clear that the later discretionary power is not circumscribed by Sixth Amend-

ment concepts. 3 Wright, Federal Practice and Procedure, § 814.

■ It is not necessary to reach the constitutional question in this case, but the Court notes in passing that only six months have elapsed since the arrest and it seems highly unlikely that any constitutional violation has occurred.

But the time factor coupled with the complete interruption of prosecution for over two months and the annoyance of switching courts does give the Court pause. The delay here was over the repeated requests of the defendants for trial and solely the result of the deliberate choice of the prosecution. This fact is not altered by the suspicious circumstances relied on by the State which, at least to my mind, merely support the necessity of a prompt disposition by trial.

The circumstances are further aggravated by the history of judicial comments concerning the "transfer case" procedure. One possible abuse was noted in the *Dennington* case and the Court's power to intervene was also recognized. More recently, in State v. Pepe, 1245 Criminal Action 1967 (December 29, 1967), Judge Christie took great pains to recognize the shortcomings of the transfer procedure. That decision must be read in its entirety to capture its full design. Independent of these decisions, the transfer practice has been repeatedly condemned by the Judges of this Court.

It is perhaps true that the defendants here have not established prejudice or harrassment in the traditional sense of those words. No missing witnesses or loss of evidence is cited. And, indeed, for the purpose of preventing unnecessary interference with individual liberty, this Court has instituted a policy of issuing summons instead of arrest warrants where possible in transfer cases. But the defendants have had to go to Court on numerous occasions, retain a lawyer for two proceedings, and

supply a bond in two Courts. They have been the subject of additional publicity due to the reinstitution of the charges by indictment. They were charged as criminals after they, for good reason, believed the State had dropped all charges against them. In strictly a time sense, their trial has not been delayed for a long period. But, the delay has been over their repeated request for trial and at the deliberate choice of the prosecuting authorities for no valid reason. It is not a case where there are difficulties with the discovery or availability of evidence. Moreover, it is not a case of unavailability of prosecutors, crowded dockets, inadvertence, or even prosecution negligence. It is a case of conscious prosecution choice which gives the impression, perhaps unwarranted, of unfair manipulation of the criminal process.

We live in a time when the processes of our Courts are under constant public scrutiny and I think this is fortunate. The public feels, and I think rightly so, that the judicial system has at times both overprotected the criminal and failed to recognize legitimate interests of individuals accused of crime. We must develop a system which is just as well as firm in its protection of the overall public interest.

In my opinion, in view of all of the circumstances in these cases, and each circumstance is necessary to support the decision, it is just for the State of Delaware to delay unnecessarily the trial of these defendants in the manner in which it did. The State of Delaware should not be permitted by criminal prosecution to treat Delaware citizens as the two defendants in this case were treated. Delaware, at least, should strive to do better. I think this Court's discretion in this instance should be exercised to that end. Compare State v. Wahl, Del.Supr., 263 A.2d 297 (1970).

Defense counsel should present, on notice to, or approval as to form by, the prosecutor, an order dismissing the two indictments pursuant to Rule 48(b).