STATE of Delaware, Plaintiff
Below, Appellant,

v.

James C. McELROY, Defendant
Below, Appellee.

Supreme Court of Delaware.

Submitted: Jan. 10, 1989.
Decided: May 11, 1989.

Richard E. Fairbanks, Jr. (argued), Chief of Appeals Div., Dept. of Justice, and Thomas E. Carluccio, Deputy Atty. Gen., Wilmington, for appellant.

James B. Ropp (argued), Tomar, Seliger, Simonoff, Adourian & O'Brien, Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY and HOLLAND, JJ.

HORSEY, Justice.

This appeal raises the question of a trial court's authority under Superior Court Criminal Rule 48(b) to dismiss a criminal information on a finding of "unnecessary delay" solely attributable to the lack of an available trial judge and not to prosecutorial delay. The State appeals Superior Court's dismissal under Rule 48(b) of a criminal information charging the defendant with driving under the influence ("DUI") in violation of 21 *Del.C.* § 4177. We find the court's dismissal to be beyond Rule 48's scope and purpose. Hence, we reverse for error of law.

\* \* \*

Defendant was originally convicted of DUI in Newark, Delaware, Alderman's Court on April 22, 1987. After defendant, represented by counsel, exercised his right to an appeal and trial *de novo* in Superior Court, the State, three weeks later, filed an information against defendant and a trial was scheduled for September 21. On that day both the State and defendant were prepared for trial but no judge was available to sit. The court then continued the case and rescheduled trial for November 9. On that date, the trial court once again postponed trial for the same reason—the lack of an available trial judge. The court then set a new trial date of January 26,

1988. Approximately a week before trial was scheduled to commence, defendant filed a notice "requesting a speedy trial."

On the case's third scheduled trial date, both parties were again prepared to proceed to trial; but, once again, the court found there to be no judge available to try the case that day. When the court proposed that the trial be put off to the following day, the State objected on the ground that the assigned prosecutor was already scheduled to try another case of higher priority that day. The State also demurred to the court's suggestion that another prosecutor be assigned to try the DUI case. The State's grounds were that it anticipated the need for expert rebuttal testimony and that the assigned prosecutor was the only staff attorney prepared for such purpose. The defendant then moved for dismissal of the information. His principal grounds were financial: the expense already incurred ($150) in expert witness fees for a previously-granted continuance and a like sum were the trial once more put off.

The trial judge dismissed the case in a bench ruling, stating:

> The defendants will have an expert. Based on the fact it's been continued twice because there were no judges, given the fact there were no judges available to try it today, I'm going to dismiss it.

In a following written ruling, the court found defendant to have suffered "financial prejudice" by being put to the expense of an expert witness fee for the November 9th continuance. The court also found that defendant would suffer "continuing [financial] prejudice" by incurring, with another continuance, a further expert witness fee obligation and "continuing stress and embarrassment" from having been put through multiple court appearances before going to trial.

**I**

At issue is the proper construction of Rule 48(b) and its application to the facts of this case. Rule 48(b) provides:

> **(b) Dismissal by Court.** If there is unnecessary delay in presenting a charge to a grand jury or in filing an information or in bringing a defendant to trial, the Court may dismiss the indictment, information or complaint.

Defendant concedes that the nine month trial delay is neither chargeable to prosecutorial acts or omissions nor is the delay sufficient to support a Sixth Amendment claim of denial of right to a speedy trial, requiring application of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Defendant relies on the trial court's discretionary authority conferred by Rule 48. On the issue of delay, he contends that the State is chargeable for the lack of sufficient judges to meet the case load of the criminal justice system, *see State v. Anthony*, R.I.Supr., 448 A.2d 744, 748–49 (1982).[1] On the issue of prejudice, defendant argues that no showing of prejudice to his ability to defend should be required for a trial court to invoke its discretionary authority under Rule 48(b); and he contends that a lesser showing of prejudice is consistent with the "broader purpose" which this Court has consistently stated Rule 48 serves. *State v. Morris*, Del.Super., 340 A.2d 846, 850, *aff'd*, Del.Supr., 349 A.2d 748 (1975); *Hughey v. State*, Del. Supr., 522 A.2d 335, 340 (1987).

The State responds that whatever "broader purpose" is intended to be served by Rule 48(b), as stated in *Hughey*, a trial delay not attributable to the State as prosecutor is not a proper basis for dismissal under Rule 48. The State thereby construes Rule 48(b) as a grant of authority to the court to dismiss a criminal proceeding only where findings of prosecutorial delay and resulting prejudice converge. We hold that for a criminal indictment to be dis-

---

1. In *Anthony*, two prison inmates charged with the murder of another inmate waited thirty-two months for their trial from the time of their indictment. 448 A.2d at 747. In holding that the trial court abused its discretion by failing to dismiss the indictment as to one defendant, un-

der Rhode Island's Rule 48(b), the Rhode Island Supreme Court stated that "court congestion ... must [be] weighed against the government, for it bears the ultimate responsibility to ensure that an accused is expeditiously brought to trial." *Id.* at 749.

missed under Rule 48 for "unnecessary delay," the delay, unless extraordinary, *i.e.*, of constitutional dimensions, must, as a general rule, first be attributable to the prosecution and second, such delay must be established to have had "a prejudicial effect upon defendant" beyond that normally associated with a criminal justice system necessarily strained by a burgeoning case load. *Compare State v. Fischer*, Del.Super., 269 A.2d 244 (1970), *aff'd*, Del.Supr., 285 A.2d 417 (1971); *State v. Morris*, Del. Super., 340 A.2d 846, *aff'd*, Del.Supr., 349 A.2d 748 (1975); *see also Weston v. State*, Del.Supr., 554 A.2d 1119 (1989).

## II

The underlying purpose of Superior Court Criminal Rule 48(b) is well established. The Rule, derived from the Federal Rules of Criminal Procedure 48(b), is a "codification of the inherent power of a court to dismiss a case for want of prosecution." *State v. Fischer*, 285 A.2d at 418–19 n. 3, *quoting* 8B *Moore's Federal Practice*, ¶ 48.03[1] at 48–12 (2d Ed.). The breadth of a trial court's authority to dismiss under Rule 48(b) is equally well established as exceeding the constraints or limitations of the "Speedy Trial Clause of the Sixth Amendment." *Fischer* at 418. In this context, Rule 48 is recognized to serve a "broader purpose" than merely replicating a constitutional right.[2] *State v. Morris*, 340 A.2d at 850; *Hughey v. State*, 522 A.2d at 340. In *Hughey*, this Court most recently rejected a contention that the parameters for a dismissal under Rule 48(b) were no broader than the "established concepts of the speedy trial clause [of the Sixth Amendment]." *Id.* (citations omitted).

None of our cases, however, have succinctly defined the "broader purpose" of Rule 48. We have previously characterized it as simply conferring upon Superior Court a "discretionary power" (as opposed to the court's invoking a legal standard) in deciding whether a criminal case should be dismissed for "unnecessary delay." *Fischer*, 285 A.2d at 418–419; *State v. Budd Metal Co., Inc.*, Del.Supr., 447 A.2d 1186, 1188 (1982). Furthermore, we have not stated whether the "unnecessary delay" and resulting prejudice under Rule 48 must be attributable to the State as prosecutor. We do so now, while recognizing that such a rule may have an exception under the facts of a particular case.

While Rule 48(b) does not condition a dismissal of an indictment on any finding other than "unnecessary delay" and makes no reference to a need of a defendant to show prejudice to have resulted from the delay, some showing of prejudice has been consistently required for relief to be granted. *Fischer*, 285 A.2d at 419 ("We agree with the Court below in its conclusion that other types of prejudice may be sufficient to move the exercise of its discretion under Rule 48(b)"); *Budd Metal*, 447 A.2d at 1188 ("Nor is prejudice in the traditional sense required for the Superior Court to exercise its broad discretion under rule 48(b)"); *Hughey*, 522 A.2d at 340 n. 10, *quoting State v. Sharon H.*, Del.Super., 429 A.2d 1321, 1325 (1981) ("[S]ome showing of prejudice, ... is needed to justify the exercise of the Court's discretion in favor of a defendant to dismiss"). *See also Weston v. State*, Del.Supr., 554 A.2d 1119, 1122 (1989).

While the Rule is neutral about who causes the unnecessary delay, its history and text clearly relate the delay to matters generally subject to the control of the State as prosecutor.[3] In applying this dual test

---

2. The source of the reference to a "broader purpose" is the following statement from *Moore's Federal Practice:* "While most dismissals for delay in prosecution are granted on the constitutional provision, [Federal] Rule 48(b) serves a somewhat broader purpose and there are instances of dismissal involving no denial of constitutional rights." 8B *Moore's Federal Practice*, ¶ 48.03[1] at 48–16 (2d Ed.). We think the term "broader purpose" may not be further refined, to any useful degree.

3. For instance, the original version of Rule 48(b) provided, in part:

    **(b) Dismissal by Court.** If no indictment is returned or information filed against a person held to answer in the Superior Court at or before the second term following the day upon which such person was held to answer, he shall be released without any further obligation to furnish bail and any surety theretofore given shall be discharged.

of "unnecessary delay" and resulting prejudice, this Court has consistently confined its approval of a trial court's exercise of its Rule 48(b) authority to cases where the unnecessary delay is attributable to the prosecution and where the delay has been found to work some definable or measurable prejudice to the defendant. *Fischer*, 285 A.2d at 419; *compare State v. Morris*, 340 A.2d at 850, *with Hughey v. State*, Del.Supr., 522 A.2d at 340. Thus, in *State v. Fischer*, Del.Supr., 285 A.2d 417 (1971), this Court affirmed Superior Court's dismissal of indictments where the State delayed prosecution and switched cases unilaterally from Municipal Court to Superior Court. In *State v. Glaindez*, Del.Supr., 346 A.2d 156 (1975), we affirmed Superior Court's dismissal of an indictment where the State failed timely to advise the court that it could not locate its prosecuting witness and because the State allowed the prosecution to lie dormant for seven and a half months. In *State v. Budd Metal Co., Inc.*, Del.Supr., 447 A.2d 1186 (1982), we affirmed dismissal of an indictment for the State's unnecessary delay in bringing defendant to trial. In each of these cases, the "unnecessary delay" was attributed to the State as prosecutor. Consistent therewith, we construe Rule 48(b)'s requirement of "unnecessary delay" to mean delay attributable to the State as prosecutor.[4]

■ Applying our construction of Rule 48 to the instant case, we must reverse. The trial court's dismissal of the information is clearly not attributable to the prosecution but solely to a lack of judicial resources over which the State as prosecutor obviously has no control and admittedly

before the length of delay had implicated McElroy's constitutional rights to a speedy trial.[5] Moreover, the trial court's findings of prejudice as to this defendant do not, in our view, rise to the level of prejudice required by this Court in *State v. Morris*, Del.Super., 340 A.2d 846, *aff'd*, Del.Supr., 349 A.2d 748 (1975), and *State v. Fischer*, Del.Supr., 285 A.2d 417 (1971). The trial court's findings of defendant's financial prejudice, anxiety and stress from three court appearances not resulting in trial are no different from those which may be experienced by any litigant.

■ However, we are not condoning a criminal justice system that leaves a defendant remedyless for interminable trial delays due to crowded dockets and outnumbered judges. Should court-induced repetitive trial continuances cause significant prejudice through the loss or disappearance of witnesses or evidence, or for other reasons, remedial relief should be available under Rule 48(b), *cf. State v. Fischer*, Del. Super., 269 A.2d 244, 246–47 (1970), *aff'd*, Del.Supr., 285 A.2d 417 (1971), if not under the Sixth Amendment, *see Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); 3A C. Wright, *Federal Practice and Procedure* § 814 at 209 (1982).

\*  \*  \*

Reversed.

This direction of mandatory discharge was directed solely to the State as prosecutor. *See, e.g., Latson v. State*, 51 Del. 377, 146 A.2d 597, 600–601 (1958).

**4.** *See also* the original Committee Notes accompanying Federal Criminal Procedure Rule 48(b) cited in 3 *Moore's Federal Practice 1989 Rules Pamphlet* at 628.

**5.** When a defendant's federal constitutional right to a speedy trial is being considered, "the length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiring into the other factors that go into the balance.... [T]he length of delay that will

provoke such an inquiry is necessarily dependent upon the particular circumstances of the case.... A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant." *Barker v. Wingo*, 407 U.S. 514, 530–31, 92 S.Ct. 2182, 2191–92, 33 L.Ed.2d 101 (1972). *See also State v. Anthony*, R.I.Supr., 448 A.2d 744, 748–50 (1982).