IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         )

      v.                      )    I.D. No. 2002006544
                              )    In and For Kent County

CAHLIL SIMMONS,          )

                              )
        Defendant.      )

Submitted: August 31, 2020
Decided: September 18, 2020

## ORDER

### *Upon Review of the Motion to Dismiss*
### DENIED

Defendant Cahlil Simmons ("Defendant") moves the Court to dismiss the charges pending against him for the State of Delaware's (the "State") alleged failure to indict him in a timely manner. In the alternative, Defendant asks the Court to modify his current $550,000 cash only bond to a $50,000 secured bond. For the reasons stated below, Defendant's motion is **DENIED**.

On February 14, 2020, Defendant was arrested and charged with Murder First Degree, Attempted Robbery First Degree, Possession of a Firearm during Commission of a Felony, and Conspiracy First Degree. The alleged crimes occurred on January 5, 2019. Defendant has remained incarcerated since his arrest. Defendant had the right to a preliminary hearing on February 27, 2020, but waived that right. Defendant contends that the Delaware Superior Court's guidelines call for an indictment within 45 days from arrest; it has been approximately 210 days since his arrest.

Defendant fails to cite a court rule or constitutional right that warrants dismissal and, additionally, does not provide a citation for the 45-day guideline

relied upon in his motion. Defendant notes that he has experienced prejudice in the form of incarceration, anxiety associated with being held without the filing of formal charges, and the potential loss of evidence. Therefore, the Court presumes Defendant seeks dismissal of his case under Superior Court Criminal Rule 48(b), which "is a codification of the inherent power of a court to dismiss a case for want of prosecution."[1] Rule 48(b) provides,

> If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer in Superior Court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.[2]

The State argues that its failure to indict Defendant within the 45-day guideline does not violate Defendant's rights under Rule 48(b). The State contends that its theory of the case rests in part on the conspiracy between Defendant and his co-defendant, whose preliminary hearing has yet to take place due to the Delaware Supreme Court's Order Declaring a Judicial State of Emergency. The State also argues that it is entitled to indict Defendant and his co-defendant jointly pursuant to Superior Court Criminal Rule 8(b).[3]

---

[1] *State v. McElroy*, 561 A.2d 154, 156 (Del. 1989) (quoting *State v. Fischer*, 285 A.2d 417, 418–19 n. 3 (Del. 1971)(quoting 8B *Moore's Federal Practice,* ¶ 48.03[1] at 48–12 (2d Ed.))).

[2] Super. Ct. Crim. R. 48(b).

[3] Rule 8(b) provides as follows:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

This Court has the discretion to dismiss the charges against a defendant if there is "unnecessary delay" in seeking an indictment.[4] The Delaware Supreme Court has stated that Rule 48(b)'s requirement of "unnecessary delay" means "delay attributable to the State as prosecutor."[5] Dismissal is unwarranted in the present case. As noted *supra*, on March 13, 2020, due to the COVID-19 pandemic, the Supreme Court issued an Order Declaring a Judicial Emergency, which specifically tolled the time requirements of the Speedy Trial Guidelines. Subsequently, the Supreme Court issued additional administrative orders extending the Judicial Emergency. Grand jury proceedings were suspended until June, 2020, when they resumed pursuant to Administrative Order No. 7. While the processing of cases by the grand jury has recommenced, delays persist, including those involving the convening of preliminary hearings. Those delays certainly cannot be ascribed to the State as prosecutor.

Furthermore, the Court finds the State's argument persuasive that Defendant's indictment must await his co-defendant's preliminary hearing, as the State wishes to indict them jointly pursuant to Rule 8(b). This course of action would promote judicial economy, which is particularly appropriate given the backlog of cases resulting from the current pandemic.

As to Defendant's alternative request that this Court modify his bond, the Court is not persuaded to do so. Defendant has failed to present any arguments as to why his bond should be modified beyond those in support of his request for dismissal.

**WHEREFORE**, in consideration of the above, the Court finds that Defendant's requests for dismissal of his charges and, in the alternative, a

---

[4] Super Ct. Crim. R. 48(b); *see also State v. Strzalkowski*, 2010 WL 2961519, at *4 (Del. Super. July 28, 2010).

[5] *McElroy*, 561 A.2d at 156.

3

modification of his bond, are unwarranted.   Defendant's motion is therefore **DENIED**.

**IT IS SO ORDERED.**

_____
Judge

NEP/wjs
oc:    Prothonotary
       Thomas A. Pederson, Esq.
       Lindsay Taylor, Esq.