IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
       v. )   I.D. No.  2007011656
   )
JAWON WATSON )
   )
      Defendant. )

Submitted:  January 7, 2021
Decided:  January 28, 2021

## ORDER

### *Upon Review of the Motion to Dismiss*
**DENIED**

Defendant Jawon Watson ("Defendant") has filed a motion under Superior Court Criminal Rule 48(b) ("Rule 48(b)") to dismiss the above-captioned matter, arguing that the State of Delaware (the "State") has unnecessarily delayed the presentation of his case to the grand jury.  For the reasons stated below, Defendant's motion is *DENIED*.

On July 24, 2020, Defendant, along with two co-defendants, was arrested and charged with Possession of a Firearm During the Commission of a Felony; four counts of Possession/Purchase/Own or Control of a Firearm or Ammunition by a Person Prohibited; Manufacture/Deliver/Possession with Intent to Deliver a Controlled Substance; Carrying a Concealed Deadly Weapon; two counts of Possession/Purchase/Own or Control a Deadly Weapon, a Semi-Automatic or Automatic by Person Prohibited who also Possesses a Controlled Substance; Illegal Gang Participation; Possession/Consumption of Marijuana Other Than a Personal Use Quantity; and Possession of Drug Paraphernalia.   Defendant has been

incarcerated without an indictment, and has been held on cash bond in the amount of $64,500, since July 24, 2020.

Defendant had the right to a preliminary hearing on August 14, 2020, but waived that right. On August 25, 2020, the police conducted an intake interview with Defendant, and his case was assigned to a Deputy Attorney General on September 25, 2020. His co-defendants did not waive their right to a preliminary hearing, and their hearings were scheduled for October 30, 2020.

Defendant argues that his prolonged incarceration warrants dismissal of his case under Rule 48(b). That rule "is a 'codification of the inherent power of a court to dismiss a case for want of prosecution.'"[1] Rule 48(b) provides as follows:

> If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer in Superior Court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.[2]

The State argues that Defendant's case should not be dismissed because the Chief Justice of the Delaware Supreme Court, by judicial emergency order, tolled all time requirements under the Speedy Trial Guidelines during the period of the judicial emergency. Furthermore, the State contends that dismissal is unwarranted because any delay is attributable to the COVID-19 pandemic and the corresponding cancellation of grand jury proceedings, not to prosecutorial manipulation.

This Court has the discretion to dismiss charges against a defendant if there is "unnecessary delay" in seeking an indictment.[3] The Delaware Supreme Court has

---

[1] *State v. McElroy*, 561 A.2d 154, 156 (Del. 1989) (quoting *State v. Fischer,* 285 A.2d 417, 418–19 n.3 (Del. 1971) (quoting 8A MOORE'S FEDERAL PRACTICE §§ 48.03-48.05 (2d ed.))).

[2] Super. Ct. Crim. R. 48(b).

[3] *Id.*

stated that Rule 48(b)'s requirement of "unnecessary delay" means "delay attributable to the State as prosecutor."[4] According to the Supreme Court,

> . . . for a criminal indictment to be dismissed under Rule 48(b) for "unnecessary delay," the delay . . . must, as a general rule, first be attributable to the prosecution and second, such delay must be established to have had "a prejudicial effect upon defendant" beyond that normally associated with a criminal justice system necessarily strained by a burgeoning case load.[5]

Dismissal is unwarranted in this case. On March 13, 2020, due to the COVID-19 pandemic, the Supreme Court issued an Order Declaring a Judicial Emergency.[6] That order specifically tolled the time requirements of the Speedy Trial Guidelines.[7] The Supreme Court has issued subsequent administrative orders extending the judicial emergency to the present day.[8] The most recent judicial emergency order of December 30, 2020, reiterated that "[d]uring the period of judicial emergency, all time requirements under the Speedy Trial Guidelines are tolled."[9] Moreover, while the grand jury convened in the summer and early fall of 2020, no grand jury proceedings have been held since the beginning of November 2020 as a result of the pandemic.

A dismissal under Rule 48(b) is unwarranted in the present case because the delay has been caused by the ongoing COVID-19 pandemic, not by prosecutorial

---

[4] *McElroy*, 561 A.2d at 156.

[5] *Id.* at 155-56 (citations omitted).

[6] Order Declaring a Judicial Emergency (Del. Mar. 13, 2020) (ORDER).

[7] *Id.* at 3.

[8] COVID-19 Precautionary Measures (Del. Apr. 14, 2020) (ORDER); COVID-19 Precautionary Measures (Del. May 14, 2020) (ORDER); COVID-19 Precautionary Measures (Del. June 5, 2020) (ORDER); COVID-19 Precautionary Measures (Del. July 6, 2020) (ORDER); COVID-19 Precautionary Measures (Del. Aug. 5, 2020) (ORDER); COVID-19 Precautionary Measures (Del. Sept. 4, 2020) (ORDER); COVID-19 Precautionary Measures (Del. Nov. 2, 2020) (ORDER); COVID-19 Precautionary Measures (Del. Dec. 2, 2020) (ORDER); COVID-19 Precautionary Measures (Del. Dec. 30, 2020) (ORDER).

[9] COVID-19 Precautionary Measures, at 3 (Del. Dec. 30, 2020) (ORDER).

misconduct or some other action or omission on the part of the State. The earliest possible date that Defendant could have been indicted was November 2020. However, as mentioned supra, grand jury proceedings have been suspended as a result of the pandemic since the beginning of November—all grand jury proceedings for December and January were cancelled. Moreover, even if the State could have presented Defendant's case for indictment, and Defendant had been indicted, his case could not have been tried, as the Court is not currently scheduling jury trials due to the COVID-19 pandemic.[10] Defendant has not argued that he has experienced any prejudice beyond that normally associated with the criminal justice system.[11] Unfortunately, all criminal defendants have been affected as a result of the COVID-19 pandemic and the delay it has caused for certain court proceedings.

This finding is consistent with this Court's previous holding in *State v. Johnson,*[12] where the Court denied the defendant's motion to dismiss, finding that, although the criminal process leading to the defendant's trial had been delayed for 18 and one-half months due primarily to the unavailability of the complaining witness, a Rule 48(b) dismissal was unwarranted because the delay, "while rather lengthy, was not unnecessary," and because "[a]ny prejudice encountered by the defendant due to his incarceration and any attending anxiety, stress and concern as a result thereof is no different than that which would normally be expected from one charged with serious offenses."[13] Here, Defendant has only been incarcerated for approximately six months and has not alleged any prejudice different from that of other defendants.

---

[10] *Id.*

[11] *McElroy*, 561 A.2d at 156.

[12] *State v. Johnson*, 564 A.2d 364 (Del. Super. 1989).

[13] *Id.* at 371.

4

**WHEREFORE**, given Defendant's failure to show how he has been prejudiced, together with the fact that the delay has resulted from the COVID-19 pandemic and not from any improper or unjustifiable action of the State, the Court finds that Defendant's request for dismissal of his case is unwarranted. Defendant's motion is therefore *DENIED*.

**IT IS SO ORDERED.**

_____
Judge Noel Eason Primos

NEP/wjs
*Via Email*
oc:   Prothonotary
        Stephen R. Welch, Jr., Esquire
        Adam D. Windett, Esquire

5