SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ,
RESIDENT JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

May 21, 2024

Jarel L. Moore
SBI# 00627217
Howard R. Young Correctional Institution
P.O. Box 9561
Wilmington, DE 19809

Re: *State of Delaware v. Jarel Moore,* Def. ID No. S2308009768 (R-1)

Dear Mr. Moore:

On March 4, 2024, after a colloquy with me, you pled guilty to two counts of Assault in the Second Degree and one count of Resisting Arrest. You were sentenced to eight years of Level 5 incarceration, suspended after one year for one year of Level 4 home confinement, followed by eighteen months at Level 3 probation.

On May 3, 2024, I received your first *pro se* Motion for Postconviction Relief under Delaware Superior Court Criminal Rule 61 (the "Motion"), dated April 30, 2024. You state two (2) grounds for relief, both asserting ineffective assistance in your defense by your counsel at trial ("Trial Counsel"). The first ground asserts that

Trial Counsel failed to advocate for a more beneficial plea agreement (specifically a shorter period of incarceration) in exchange your guilty plea. The second ground asserts that Trial Counsel failed to file a motion to dismiss the case (and seek sanctions against the State) because the State failed to indict you within 45 days of your arrest.

Your Motion did not request the appointment of postconviction counsel to represent you in this Rule 61 proceeding, nor am I obligated to appoint one.[1]

I first address the four procedural bars of Rule 61.[2] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[3] A Rule 61 Motion can be barred for time limitations, successive motions, failure to raise claims below, or former adjudication.[4]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final.[5] In this case, your conviction became final for purposes of Rule 61 30 days after I imposed sentence; i.e., April 4,

---

[1] Super. Ct. Crim. R. 61(e)(3).
[2] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[3] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).
[4] Super. Ct. Crim. R. 61(i).
[5] Super. Ct. Crim. R. 61(i)(1).

2024.[6]  You filed the Motion on May 3, 2024, well before the one-year deadline. Therefore, consideration of the Motion is not barred by the one-year limitation.

Second, second or subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.[7]  Since this is your first motion for postconviction relief, consideration of the Motion is not barred by this provision.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless certain conditions are satisfied.[8]  Your grounds for relief are based on a claim of ineffective assistance of counsel.  It is well-settled Delaware law that, as collateral claims, ineffective assistance of counsel claims are properly raised for the first time in postconviction proceedings.[9]  Therefore, consideration of the Motion is not barred by this provision.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal *habeas corpus* hearing" are barred.[10]  In the Motion, you

---

[6] Super. Ct. Crim. R. 61(m)(1).
[7] Super. Ct. Crim. R. 61(i)(2).
[8] Super. Ct. Crim. R. 61(i)(3).
[9] *State v. Schofield*, 2019 WL 103862, at *2 (Del. Super. January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").
[10] Super. Ct. Crim. R. 61(i)(4).

do not seek to relitigate issues you have previously asserted in the case. Therefore, consideration of the Motion is not barred by this provision.

Moreover, none of these four procedural bars apply either to (i) a claim that there is new evidence of actual innocence in fact, or to (ii) a claim that a retroactively applied rule of constitutional law renders the conviction invalid.[11]  You make no such claims here.

Since none of the procedural bars under Rule 61 apply, I will consider the Motion on its merits.

With respect to your claims of ineffective assistance of counsel, I look to the dual standards of *Strickland v. Washington*[12] as applied in Delaware.[13]  Under *Strickland*, *you* must show that (1) Trial Counsel's representation "fell below an objective standard of reasonableness" (the "performance prong"); and (2) the "deficient performance prejudiced [your] defense." (the "prejudice prong").[14]  In considering the performance prong, the United States Supreme Court was mindful that "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[15]  *Strickland* requires an objective analysis, making every effort "to eliminate the distorting effects of

---

[11] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[12] 466 U.S. 668 (1984).
[13] *Albury v. State*, 551 A.2d 53 (Del. 1988).
[14] *Strickland* at 687.
[15] *Id*. at 690.

hindsight" and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[16] "[S]trategic choices about which lines of defense to pursue are owed deference commensurate with the reasonableness of the professional judgments on which they are based."[17]

As to the prejudice prong, you must demonstrate that there exists a reasonable probability that, but for Trial Counsel's error, the outcome of the trial would have been different.[18] Even if Trial Counsel's performance was professionally unreasonable, it would not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[19] A showing of prejudice "requires more than a showing of theoretical possibility that the outcome was affected."[20]

*Strickland* teaches that there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in a particular order, or even to address both prongs of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant because of the alleged deficiencies. If it is easier to dispose of an ineffectiveness claim on the ground of

---

[16] *Id.* at 689.
[17] *Id.* at 681.
[18] *Id.* at 687; *Zebroski v. State,* 822 A.2d 1038, 1043 (Del. 2003); *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).
[19] *Strickland* at 691.
[20] *Frey v. Fulcomer,* 974 F.2d 348, 358 (3d Cir. 1992).

5

lack of sufficient prejudice, that course should be followed.[21]  In every case, the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.[22]

I find that neither of your ineffective assistance of counsel grounds satisfies the two prongs of the *Strickland* test.

With respect to ground one, you pled guilty and were sentenced on the same day you pled guilty. There is no evidence whatsoever in the record that, at that time, you had any issue with your plea, or any disagreement with Trial Counsel about your plea. You engaged in a lengthy colloquy with me wherein you acknowledged that you understood the consequences of the plea agreement, you knew what legal rights you were giving up under such an agreement, and that you were satisfied with your representation by Trial Counsel. After sentencing, you apparently changed your mind about the plea agreement, and now in your Petition you assert that Trial Counsel was ineffective for failing to negotiate an "appropriate" plea agreement. However, what you are really asserting is that the sentence is excessive, not that Trial Counsel was ineffective. Hindsight is 20-20, but your attempt to abrogate your plea agreement comes too late.

---

[21] *Strickland* at 697.
[22] *Id*. at 696.

In your Petition, you give no supporting facts, evidence, or legal authority whatsoever for this ground one. There is no evidence that Trial Counsel's representation fell below an objective standard of reasonableness, or his deficient performance prejudiced your defense. Self-serving assertions are no substitute for facts, evidence, and legal authority. Thus, I deny ground one.

You ground two, although couched as a claim of ineffective assistance of counsel, is essentially that you were denied a speedy trial, as guaranteed by the Sixth Amendment of the United States Constitution and Article 1, Section 7 of the Delaware Constitution. You assert that Trial Counsel should have filed a motion to dismiss the indictment[23] after the State failed to indict you within 45 days after your arrest.[24] You were arrested on August 22, 2023 and indicted on November 20, 2023, a gap of 91 days. As a backup, you argue that Trial Counsel should have moved to reduce your bail and sought sanctions against the State for its failure to indict you within 45 days after arrest. You argue that you were prejudiced thereby because, if Trial Counsel had made such a Rule 48(b) motion, the indictment could have been dismissed altogether and, if Trial Counsel had moved for bail modification, you could have been released on unsecured bail.

---

[23] Under Super. Ct. Crim. R. 48(b).
[24] Crim. Admin. Order, Del. Super., Ridgely, P.J. (Jan. 16, 1991), at 8.

Section Five of the Superior Court's Criminal Administrative Order " In re:
Policy, Time Standards, and Procedures Relating to Criminal Case Disposition"
issued on January 16, 1991 (the "Administrative Order").provides in pertinent part:

> (a)*Time for Filing an Indictment or information*. If an individual is
> arrested on a complaint charging an offense to be prosecuted before this
> Court, any indictment or information should be filed within 30 days
> from the date of arrest.

\* \* \*

> (c) *Sanctions for Indictment Delay*. When a case is pending indictment
> for more than 45 days after arrest, the Court may impose any of the
> sanctions as provided in section 18 of this Criminal Administrative
> Order.

The import of this Administrative Order was further underscored by another
Criminal Administrative Order issued by the Superior Court on March 28, 2000
which declared delays "other than reasonably required ... [to be] unacceptable."[25]

Rule 48(b) of the Delaware Superior Court Rules of Criminal Procedure
provides:

> If there is unnecessary delay in presenting the charge to a grand jury or in filing
> an information against a defendant who has been held to answer in Superior
> Court, or if there is unnecessary delay in bringing a defendant to trial, the court
> may dismiss the indictment, information or complaint.

---

[25] Crim. Admin. Order, Del. Super., Ridgely, P.J. (Mar. 28, 2000), at 1.

The term "unnecessary delay" is not specified or defined, but it certainly does not incorporate the 45-day time period of the Administrative Order.

As stated in *State v. Willis*,[26] for an indictment to be dismissed under Rule 48(b) for "unnecessary delay," the delay must be attributable to the State, and must have had a prejudicial effect on you.[27] The types of prejudice recognized by Rule 48(b) include:

> "the unexplained commencement of a new prosecution long after a dismissal by the State of the same charge in another court; the anxieties suffered by a defendant as the result of delay and uncertainty in duplicative prosecutions against him; the notoriety suffered by a defendant and his family as the result of repeated commencement of prosecutions for the same offense; and the expenses, legal and otherwise, attendant upon a subsequent renewal in another court of a dismissed prosecution."[28]

In determining whether the State's reason for delay is valid, I consider the extent to which the State is at fault in causing the delay and the amount of control the State has over the event causing the delay.[29] "The less control that the State has over the event which causes delay, the more valid the reason for delay. The more control the State has over the event which causes delay, the less valid the reason for delay."[30]

---

[26] 2001 WL 789667 (Del. Super. Apr. 24, 2001)
[27] *State v. McElroy*, 561 A.2d 154 (Del. 1989).
[28] *State v. Fischer,* 285 A.2d 417, 419 (Del. 1971).
[29] *State v. Ellis,* 1987 WL 8701 (Del. Super. Feb. 10, 1987).

[30] *Id.* at 3-4.

In *Willis*, there was a five-month delay between arrest and indictment which was largely attributable to the State. The Court found this egregious, so it did not even have to consider the issue of prejudice to the defendant. In *State v. Strzalkowski,*[31] there was an eight-month delay in a DUI prosecution, which the Court did not find presumptively prejudicial. Moreover, the defendant was not incarcerated and no other prejudice to the defendant was shown. The Court found that the defendant's rights to a speedy trial were not violated.

In your case, the delay between arrest and indictment was 91 days, only 46 days beyond the 45-day directive of the Administrative Order. This is far less than the delay in other cases. There is no evidence that egregious misconduct by the State caused the delay. Thus, I find that this delay is not presumptively prejudicial to you. Nor have you demonstrated actual prejudice. You argue that you were prejudiced because, if Trial Counsel had made such a Rule 48(b) motion, the indictment could have been dismissed altogether and, if Trial Counsel had moved for bail modification, you could have been released on unsecured bail. However, this is entirely speculative on your part and does not show actual prejudice under *Strickland*; i.e., that the result in your case would have been different.

Moreover, the performance prong of *Strickland* is not satisfied. Under *Strickland*, I give deference to reasonable strategic decisions made by Trial Counsel. Here, Trial Counsel may well have considered these options and concluded that a Rule 48(b) motion would have been fruitless and that your bail would not have been

---

[31] 2010 WL 2961519 (Del. Super. July 28, 2010).

modified. I will not second guess his judgment absent a showing that his representation fell below an objective standard of reasonableness.

************

I find that, based on your Petition and my thorough review of the record of the prior proceedings in this case, you are not entitled to relief. I therefore am entering an order for summary dismissal.[32] For the reasons discussed above, there is no need for me to expand the record to consider additional evidence[33] or to hold an evidentiary hearing.[34] Your Rule 61 Motion is **DENIED**.

     **IT IS SO ORDERED**.

Very truly yours,

/s/ Craig A. Karsnitz
Craig A. Karsnitz

cc:    Prothonotary
      Heather A. Lingo, Esquire, Deputy Attorney General
      Stephen E. Smith, Esquire

---

[32] Super. Ct. Crim. R. 61(d)(5).
[33] Super. Ct. Crim. R. 61(g).
[34] Super. Ct. Crim. R. 61(h).